[Civ. No. 5090.  First Appellate District, Division Two.—March 30, 1925.]

# WILLIE AUBEL, a Minor, etc., Respondent, v. AUGUST SOSSO, a Minor, et al., Appellants.

[1] NEGLIGENCE — ACTION BY MINOR — MEDICAL EXPENSES—SPECIAL DAMAGES.—In an action by a minor son for damages for personal injuries suffered in an automobile accident, the plaintiff may recover, as special damages, the expenses of medical treatment necessitated by the accident, although such expenses were paid by the father of plaintiff prior to the trial of the case.

[2] ID.—LIABILITY FOR NECESSARIES—VALID CONTRACT.—The fact that sections 35, 36, 37, and 207 of the Civil Code prohibit a minor from disaffirming a contract for necessaries when not living under the care of the parent or guardian does not disable such minor from entering into a valid, though voidable, contract for such necessaries while living under the care of a parent or guardian.

[3] ID.—INSUFFICIENCY OF EVIDENCE—APPEAL—FAILURE TO PRINT ALL THE TESTIMONY.—On appeal from a judgment in favor of the plaintiff in an action for damages for personal injuries suffered in an automobile accident, where the defendants, in support of their specification of insufficiency of the evidence, print in their briefs short extracts from the testimony and state that they have quoted all the testimony on the subject in issue, but a brief examination of the transcript discloses that they have failed to print in their briefs a great deal of the evidence on such subject, the appellate court is warranted in affirming the judgment upon that ground.

[4] ID.—SEVERAL DEFENDANTS—VERDICT—APPEAL—CONSTRUCTION OF EVIDENCE.—Where an action for damages for personal injuries suffered in an automobile accident, is brought not only against the minor who was driving the automobile, but also against his mother, the owner thereof, and against her partner in a certain business enterprise in the conduct of which such automobile was generally used, and the jury finds against all three defendants, upon appeal from the judgment entered upon such verdict the appellate court must take the evidence in the light most favorable to plaintiff.

[5] ID.—PRINCIPAL AND AGENT—COMBINATION OF BUSINESS—LIABILITY FOR NEGLIGENCE.—Where a principal allows his agent to combine his own business with that of the principal, or to attend to both at substantially the same time, the principal is liable for the negligence of such agent.

[6] ID. — INSTRUCTIONS — CONSTRUCTION AS A WHOLE. — Instructions must be read as a whole, and each instruction need not be complete in itself.

[7] ID. — SEVERAL DEFENDANTS — INSTRUCTIONS — USE OF EXPRESSION "AND/OR." — Where an action for damages for personal injuries suffered as the result of an automobile accident is brought not only against the minor who was driving the automobile, but also his mother and her partner in a business enterprise, error may not be predicated upon the use of the expression "and/or" in reference to the liability of the latter two defendants on the theory that said minor was the agent of both or of either of them.

[8] ID. — OWNERSHIP OF AUTOMOBILE — INFERENCE OF AGENCY — INSTRUCTIONS. — In such an action, it is not, generally speaking, good law to give an instruction which informs the jury that an inference of agency might arise from the fact that the owner of an automobile permits another to drive it unless it is shown by the owner that the driver was not his agent; but it cannot be said that the giving of such instruction is prejudicial where the undisputed facts in the case justify an inference of agency from the use of the car and the jury can draw its inferences from such facts, without instructions.

---

(1) 17 C. J., p. 804, n. 50; 31 C. J., p. 1077, n. 83 New, p. 1079, n. 52.   (2) 17 C. J., p. 804, n. 50; 31 C. J., p. 1077, n. 83 New, p. 1079, n. 52.   (3) 3 C. J., p. 1409, n. 35.   (4) 4 C. J., p. 773, n. 2; 39 C. J., p. 1359, n. 58.   (5) 2 C. J., p. 850, n. 31.   (6) 38 Cyc., p. 1598, n. 22, p. 1681, n. 12, p. 1778, n. 73.   (7). 38 Cyc., p. 1603, n. 59.   (8) 4 C. J., p. 1029, n. 30, p. 1041, n. 32.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   T. I. Fitzpatrick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chas. W. Haswell for Appellants.

Thomas Lloyd Lennon, Bradford M. Melvin and Melvin & Dingley for Respondent.

NOURSE, J.—Plaintiff, a minor, by his guardian *ad litem*, sued for damages for injuries caused by being struck by

---

6.   See 24 Cal. Jur. 857.

8.   Liability of parent owner for acts of child driving car, notes, Ann. Cas. 1914C, 1041; Ann. Cas. 1916A, 661; Ann. Cas. 1917D, 1002; Ann. Cas. 1918E, 1137.

an automobile driven by the defendant Sosso while the plaintiff was walking along a public highway. The defendants Edith Luciani and Sal Carlo were partners jointly operating a summer resort known as Carlo's Resort at Agua Caliente. The automobile was owned at the time by the defendant Luciani, who was also the mother of the defendant Sosso, who was a minor. She is sued because of her ownership of the automobile, as well as her interest as a partner with Carlo, in the management of the resort, upon the theory that the automobile was at the time of the accident being used in the operation of that business. The cause was tried before the court, sitting with a jury, and a general verdict in the sum of $1,350 was returned. From the judgment which followed the defendants have appealed under the provisions of section 953a of the Code of Civil Procedure.

The injuries occurred while the defendant Sosso, the minor child of the defendant Luciani, was operating the automobile on a public highway of Agua Caliente in company with some of his boy friends on what they frequently termed a ''joy ride.'' The negligence of this defendant is not questioned and it is unnecessary, therefore, to detail the evidence of the accident. It appears that the defendant Luciani authorized the boy to take the car to carry a guest of their resort to Boyes Springs; that he left the guest at the latter place and returned along the highway and picked up three other boys about his own age, to wit, fifteen years, for the purpose of taking a ride, as he was to call at a later hour at Boyes Springs in order to return the guest to the defendants' resort. This part of the evidence is not controverted. It was shown on the part of the plaintiff that in addition to the errand above mentioned the defendant Sosso was directed by the defendant Carlo to procure some bread for the resort and that he was engaged upon this errand as the agent of the partnership at the time the accident occurred. This evidence is controverted by the defendants. Evidence was also offered covering the subject of special damages arising out of the medical treatment necessitated by the accident, which expenses it appears were paid by the father of the plaintiff prior to the trial of the case.

On this appeal the appellants attack the ruling of the trial court in allowing the question of special damages to be submitted to the jury; insist that there is no evidence

showing any liability on the part of either Edith Luciani or Sal Carlo; and criticise the instructions given by the trial judge.

[1] The attack on the subject of special damages is based upon the theory that the father, being legally liable to furnish · his son with necessary medical attendance, no obligation attached to the son for these expenses and he was not, therefore, entitled to recover for the outlay in this action. It is also argued that if any recovery could be had for the medical attendance furnished to the son, it must be on the suit of the father alone. [2] In support of their position the appellants cite sections 35, 36, 37, and 207 of the Civil Code, and from these argue that a minor living with his parents is incapable of entering into a contract even for medical services. No authorities are cited in support of the position taken by the appellants, and from our reading of the sections we are satisfied that the Civil Code did not intend to place such limitations on the power of a minor. We can see no reason to hold that merely because these sections of the code prohibit a minor from disaffirming a contract for necessaries when not living under the care of parent or guardian that he is thereby disabled from entering into a valid, though voidable, contract for such necessaries while living under the care of a parent or guardian. On the other hand, section 207 indicates an intention contrary to that suggested by the appellants because if a third person may under that section supply such necessaries and recover the reasonable value thereof from the parent it is because the minor is legally qualified to contract for such necessaries with the third person. Therefore, without being cited to any authorities which support the propositions, we are not prepared to hold that a minor may not make such a contract while living under the care of his parent or guardian. If the contract for such necessities on the part of the minor is valid the fact that the obligation has been met by advancements on the part of the parent prior to the trial of the case is no defense to the recovery of special damages arising out of the appellants' negligence. (*Kimball* v. *Northern Elec. Co., etc.,* 159 Cal. 225, 231 [113 Pac. 156].)

[3] The second point raised by appellants is that there is no evidence in the record showing any liability on the

part of Edith Luciani or Sal Carlo. In support of their position on this appeal the appellants have printed in their brief short extracts from the testimony on the matter of the ownership of the car, and to the question whether or not the boy was on an errand for the partnership. This testimony is followed by appellants' statements that they have quoted all the testimony covering the subject and we are led to believe that no other testimony was received touching the matter of the liability of the appellants Luciani and Carlo. A brief examination of the transcript discloses that a great deal of testimony not printed by the appellants was offered and received upon this issue. It appears that Carlo and Luciani were partners conducting the resort; that the automobile had been originally purchased by Luciani and was used generally by the partnership in the conduct of its business; and that at the time of the accident the boy was actually engaged in an errand for the partnership at the specific direction of appellant Carlo. The failure of the appellants to print this evidence in their brief so that it might be examined by the court on this appeal is sufficient in itself to warrant an affirmance upon that ground. (*Estate of Berry,* 195 Cal. 354 [233 Pac. 330].) [4] But, even so, the jury having found against all three appellants, we must take the evidence in the light most favorable to the respondent (*Palladine* v. *Imperial Farm Lands Assn.,* 65 Cal. App. 727 [225 Pac. 291, 294]), and though there is a direct denial on the part of the appellant Carlo that the boy was engaged on the errand mentioned, there is sufficient evidence to support the finding of the jury that at the time of the accident he was engaged in the business of the partnership. [5] The liability of the appellants Luciani and Carlo for the negligence of their agent rests upon the general rule of liability of principal and agent where a principal allows his agent to combine his own business with that of the principal or to attend to both at substantially the same time. (*Brimberry* v. *Dudfield Lumber Co.,* 183 Cal. 454, 462 [191 Pac. 894].)

The appellants make the general statement that "there is hardly an instruction which is not subject to criticism." Specific reference is made to some of the instructions given on request of respondent and these are discussed by number.

The record before us does not number these instructions as referred to in appellants' brief. [6] No citation of authority is needed to the point that these instructions must be read as a whole and that each instruction need not be complete in itself. Thus, where the expression "through the negligence of the defendants" is used it is not necessary to repeat in every paragraph of the instructions that such negligence must be "the proximate cause of the injury sustained." [7] We find no error in the use of the expression "and/or" in reference to the liability of the appellants Luciani and Carlo on the theory that Sosso was the agent of both or of either one of these appellants. The facts were clearly before the jury showing that Sosso alone was operating the automobile at the time of the accident; there was no conflict over the theory upon which the claim of negligence of the other appellants was based; and the jury could not have been misled by these instructions.

[8] Appellants criticise the portion of the instructions which informed the jury that an inference of agency might arise from the fact that the owner of an automobile permits another to drive it unless it was shown by the owner that the driver of the car was not his agent. We are satisfied that the instruction is not, generally speaking, good law, but when viewed in the light of the facts of this case we cannot say that it was prejudicial. The undisputed facts were that the auto had been used in the business conducted by Luciani and Carlo and that it was owned by one or both of them. Being an instrument of the business of the partnership and not merely a pleasure car, facts may have appeared which would have justified an inference of agency from the use of the partnership car. Positive evidence was offered showing that the boy was engaged in the business of the partnership when delivering a guest to another resort and that he had been directed to return with bread for the partnership. The jury could draw its inferences from these facts without instructions and was not required to make the fine distinction between the period of agency and the period when the boy was engaged in his own pleasure. (*Brimberry v. Dudfield Lumber Co.*, 183 Cal. 454, 462 [191 Pac. 894].)

Reading them as a whole, we are satisfied that the appellants were not prejudiced by the instructions given and

that there was no error in the refusal to give those designated.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 28, 1925, and appellants' petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 28, 1925.

Lennon, J., deeming himself disqualified, did not participate.