[Civ. No. 7909. First Appellate District, Division Two.—August 6, 1931.]

JOHN CORCORAN, Respondent, v. PACIFIC AUTO STAGES, INC. (a Corporation), et al., Appellants.

Barry J. Colding, Theodore Hale and Carroll B. Crawford for Appellants.

A. J. Stebenne for Respondent.

STURTEVANT, J.—This is an action for personal injuries. Judgment went for the plaintiff and the defendants have appealed.

On the evening of the sixteenth day of March, 1930, the plaintiff was knocked down and suffered the injuries complained of when he was a few feet from the westerly side of the highway leading from San Mateo to San Francisco. The accident occurred in the city of San Mateo approximately ninety feet south of the southerly line of Sixteenth Avenue where the street abuts on the highway.

The appellant contends that the trial court erred in permitting the cause to be tried by a jury over the objection of the defendants' counsel, plaintiff having waived trial by jury by failing to deposit with the clerk, within ten days prior to the date set for trial, a sum equal to the amount of one day's jury fees. It will suffice to state that

none of the facts supporting that contention appear on the record before us. True it is that the objection was made in the trial court, but the objection was not supported by an affidavit, the records of the trial court, or otherwise.

The defendants next assert that the verdict is contrary to law inasmuch as no proof was presented at the trial of any act of negligence on the part of the defendants or of either of them or of any fact or facts from which the jury could rightfully infer such negligence. The plaintiff testified that he had alighted from an automobile at the corner of Sixteenth Avenue and El Camino Real and that he walked directly to the west side of the last-named highway and then when he arrived there that he turned south and walked along the westerly side of the highway to the point where the accident happened. It was a dark, rainy night and he was a stranger in the neighborhood. While he was walking rapidly along the edge of the highway and shortly before he was hit a light shone from the rear on his back. He turned his head to the left and as he did so the defendants' bus was within two feet of him. He turned his head and attempted to step to his right, but as he did so he was hit from the rear by the bus. There was evidence that at the time of the accident a Studebaker automobile was traveling parallel to the bus and on its left side and both were going south. However, the record shows affirmatively that there were no other objects in the highway and that no object at all obstructed the driver's view ahead. There was also evidence that at the time of the impact and for approximately one hundred feet back the defendants' bus was being operated half off the right-hand side of the highway. In view of these facts it cannot be said that there was no evidence of negligence. (*Bauhofer* v. *Crawford*, 16 Cal. App. 676 [117 Pac. 931].)

The next point made by the defendants is that the verdict was contrary to the evidence because the evidence affirmatively showed that plaintiff's injuries were sustained directly and proximately through his own negligence and carelessness. True it is that the defendants introduced some evidence to that effect. It was their contention that immediately before the collision the plaintiff was in the act of jaywalking and furthermore that he ran in front of the Studebaker automobile and having done so dived in front of the

bus being operated by the defendants and that as he did so the defendants were powerless to avoid the accident. However, there is other evidence in the record. We have set forth that according to the plaintiff's testimony he was walking on his right-hand side of the highway in the city of San Mateo. ■ His counsel contend that the accident occurred in a residence or business district and that the plaintiff was within his rights in walking on that side. (California Vehicle Act, sec. 150½, as added by Stats. 1929, p. 546, sec. 66.) The defendants answer that there is no evidence that the place was in a "residence or business district". We think there was. Furthermore, it will not be presumed that plaintiff was violating the law. If it be conceded, as defendants claim, that there is no evidence in the record to the effect that the place where the plaintiff was walking was in a residence or business district still the point must be ruled against the defendants. To prove a defense there should have been evidence showing the nature of the district. ■ Section 150½ of the California Vehicle Act provides: "It shall be unlawful for any pedestrian to walk along and upon any highway outside of a business or residence district otherwise than close to his left-hand edge of the highway." And subdivision (c) of section 28½ of the same act, as added by Stats. 1929, p. 510, sec. 7, provides: "Every public highway shall be conclusively presumed to be outside of a business or residential district unless its existence within a business or residential district shall be established by clear and competent evidence as to the nature of the district, and unless sign-posted when and as required by this act." But the defendant did not introduce any evidence that the place was not sign-posted. To establish a defense of contributory negligence the burden was on the defendants. (Code Civ. Proc., sec. 1869; *Kohler* v· *Wells, Fargo & Co.,* 26 Cal. 606, 611; *Wilson* v. *California C. R. R. Co.,* 94 Cal. 166, 174, 175 [17 L. R. A. 685, 29 Pac. 861]; *Alaska Salmon Co.* v. *Standard Box Co.,* 158 Cal. 567, 570 [112 Pac. 454].)

■ The last point made by the defendants is that they tendered an instruction instructing the jury to return a verdict in favor of the defendants and the trial court refused to give it. It is claimed that the refusal was error. In view of what we have said above it is quite clear that

no error whatever occurred by reason of the trial court's refusal.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 5, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 5, 1931.