[Civ. No. 940. Fourth Appellate District.—October 17, 1932.]

CATALINA A. GAYTON, Respondent, v. PACIFIC FRUIT EXPRESS COMPANY (a Corporation) et al., Appellants.

Griffith R. Williams, Noon & Noon, C. B. Smith, Whitelaw & Whitelaw, Redman, Alexander & Bacon and Herbert Chamberlain for Appellants.

W. E. Abraham and Harry B. Ellison for Respondent.

MARKS, J.—This is an appeal from a judgment of the Superior Court of Imperial County, wherein the respondent recovered judgment in the sum of $7,000 damages resulting from the death of her husband, Jose G. Gayton, caused by his being struck by an automobile truck belonging to the appellant corporation and driven by William Nighswonger on a public street in the city of Brawley on the morning of January 1, 1931. Appellants also attempt to appeal from an order denying their motion for a new trial.

The facts of the case may be summarized as follows: The Pacific Fruit Express Company, a corporation, employed William Nighswonger as its supervisor in Imperial County. He had no regular hours of employment but was subject to call upon the duties of his employer at any hour of the day or night. The appellant corporation furnished him with a light automobile truck which he used in the course

of his employment and which he was permitted to use for his own pleasure. The truck, when not in use, was kept either in the garage of the employer in the city of Brawley or at the home of the employee. On the afternoon of December 31, 1930, Nighswonger was required to go upon the business of his employer from the city of Brawley to the city of El Centro. He left Brawley about 4:30 o'clock in the afternoon taking with him as his guests, his wife, and R. P. Maxwell, another employee of the appellant corporation. He completed his business at El Centro at about 6 o'clock in the evening and with his two companions went to the city of Mexicali on a trip in nowise connected with the business of his employer. The three had dinner in Mexicali and returned to Calexico at about 9 o'clock. They went to the residence of one Burnett on a social visit, where they remained until about 1 or 1:30 o'clock in the morning of January 1, 1931, when they started on their return to Brawley, passing through the city of El Centro. Maxwell lived at the office of the appellant corporation in the city of Brawley. The most direct route from El Centro to the home of Nighswonger did not pass this office. In making the return trip to his home Nighswonger deviated from the most direct route in order to leave Maxwell at the office. This deviation was slight. In proceeding to the office Nighswonger drove the truck over K Street, a public thoroughfare of the city of Brawley, running in an easterly and westerly direction. In traveling easterly over this street he struck the deceased, who, with a companion, was walking easterly upon his right-hand side of the street. The impact broke his neck and both legs, causing instant death.

K Street was 50 feet in width between the curbs and had a 20-foot strip of pavement in the center with dirt shoulders 15 feet in width on each side of the pavement. There were no hard-surface sidewalks along the sides of the street but a fairly smooth dirt path existed on the southerly side between the curb and the property line outside of the 50-foot roadway.

Witnesses for the appellants testified without substantial contradiction that just before the accident the truck was being driven along the southerly edge of the paved portion of K Street upon its right side of the center; that an

automobile approached from the east, the headlights of which momentarily blinded Nighswonger; that when he passed the blinding rays of the lights he saw the deceased about 10 or 15 feet in front of his truck; that he applied his brakes and swerved to his left but struck the deceased with the right front headlight and front fender of the truck; that the speed of the truck was not more than 30 miles per hour; that the truck proceeded easterly between 25 and 30 feet from the point of impact before it was stopped; that there was broken glass and blood on the pavement at the point of impact; that the deceased was walking on the pavement between two and six feet northerly from its southerly edge. As is usual in cases of this kind witnesses disagreed on the length of the skid marks made by the tires of the truck. Some of them testified that they commenced at the point of impact, while others testified that they started as much as 25 or 30 feet westerly from such point. The evidence would indicate that K Street, at the point of the accident, passed through a residential section of the city of Brawley, though the record is barren of any evidence showing the number of residences or business structures along that street on either side of the point of collision. One witness, a police officer of the city of Brawley, who had patrolled K Street, among others, for over three years, testified that he had seen no traffic speed signs on K Street during that entire period.

Appellants urge numerous grounds for a reversal of the judgment which we may summarize as follows: First, that the accident did not happen when Nighswonger was engaged in the business of his employer and in the course of his employment; second, that the evidence fails to disclose any negligence on the part of Nighswonger; third, that the evidence shows the deceased guilty of contributory negligence as a matter of law; fourth, that the court misdirected the jury refusing to give proper instructions requested by appellants and giving improper instructions requested by respondent and upon its own motion. We will consider these questions in the order in which they are stated.

Appellants base their contention that Nighswonger was not engaged on the business of his employer at the time of the accident, upon the decision of this court in the case of *Hanchett* v. *Wiseley,* 107 Cal. App. 230 [290 Pac.

311]. The difference in the facts of the two cases is easily discernible. In the Hanchett case Wiseley was employed as an automobile salesman in the city of San Diego and was furnished an automobile by his employer which he was permitted to use as a demonstrator. He had no regular hours of employment but was required to return the automobile to his employer's place of business each day at the close of business. The employer specifically instructed him not to take the automobile into Mexico. On the day of the accident Wiseley, with a friend, drove the car into Mexico where he consumed a considerable quantity of intoxicating liquor, and on his return to San Diego the accident happened in which the plaintiff was injured and for which damages were recovered against both Wiseley and his employer. This court reversed the judgment against the employer upon the ground that a trip into Mexico against the express direction of the employer and solely for the purpose of a drinking bout could not be considered his employer's business nor in the course of his employment. Had the accident in the instant case happened while Nighswonger was on his trip from El Centro to Mexicali, or the return to El Centro, the Hanchett case would be authority for a holding that the employee was not on his employer's business during those particular parts of his journey. The accident did not happen upon that portion of the journey but during the portion when the employee was returning from El Centro, where the business of his employer called him, to his home in Brawley, which return trip was necessary in the course of his employment.

The rules of law prevailing in this state applicable to the facts of the case before us are clearly stated in the case of *Kruse* v. *White Brothers,* 81 Cal. App. 86 [253 Pac. 178, 180], as follows: "In *Gousse* v. *Lowe,* 41 Cal. App. 715 [183 Pac. 295]—where it appeared that it was the duty of a servant to drive his employer's automobile from a garage to the home of the latter four blocks to the west, but who drove the car on a mission solely his own to a point two and one-half miles to the east, a collision occurring while returning to the garage—it was held that the act of the servant was not within the scope of his employment, following the general rule there stated that if a servant abandons or departs from the business of the

master and engages in some matter suggested solely for his own pleasure or convenience, or pursues some object which relates to an end or purpose which may be said to be the servant's individual and exclusive business, and while so engaged commits a tort, the master is not answerable. (*Kish* v. *California State Auto Assn.*, 190 Cal. 246 [212 Pac. 27].) To exonerate the master, however, it is essential that the deviation be for purposes entirely personal to the servant (39 Cor. Jur., p. 1297, Master and Servant, secs. 1493, 1494); and a deviation will be regarded as immaterial if the latter combines his own business with that of the master or attends to both at substantially the same time. (*Brimberry* v. *Dudfield Lumber Co.*, 183 Cal. 454 [191 Pac. 894].) A mere deviation from the strict course of his duty does not release the master from liability. In order to have that effect it must be so substantial as to amount to an entire departure (39 Cor. Jur., p. 1297, Master and Servant, sec. 1493). As the rule has been stated, 'One does not cease to be acting within the course of the master's employment because his most direct and immediate pursuit of the master's business is subject to necessary, usual or incidental personal acts, nor even by slight or immaterial delays or deflections from the most direct route for a personal or private purpose, the pursuit of the master's business continuing to be the controlling purpose. Such acts, not amounting to a turning aside completely from the master's business so as to be inconsistent with its pursuit, are often only what might be reasonably expected, to which, therefore, the master's assent may be fairly assumed; or they are in many instances the mingling with the pursuit of the master's business some purpose of the servant's own' (Shearman & Redfield on Negligence, 6th ed., sec. 147a). Whether there has been a deviation so material or substantial as to constitute a complete departure is usually a question of fact. In some cases the deviation may be so marked, and in others so slight relatively, that the court can say that no conclusion other than that the act was or was not a departure could reasonably be supported; while in still others the deviation may be so uncertain in extent and degree in view of the facts and circumstances as to make the question of what inferences should be drawn from the evidence properly one for the jury.'' These rules have been

approved in *Waack* v. *Maxwell Hardware Co.*, 210 Cal. 636 [292 Pac. 966].

Appellants make the further contention that if it be conceded that Nighswonger returned to the duties of his employment when he reached the city of El Centro on his return trip from Mexicali, that he again deviated from the duties of his employment in not taking the most direct route to his home and in deviating from this route to pass the office of his employer in Brawley for the purpose of leaving Maxwell at his place of abode. It is true that the most direct route would not have taken Nighswonger along K Street where the accident occurred. It is also true that the employer had not specified any route over which it required its employee to travel on this particular trip. It has been held that under such circumstances a slight deviation of the employee from the most direct route of travel is not necessarily a departure from the business of the employer even though the deviation be made for the purpose of taking a fellow-employee to his place of residence. (*Dennis* v. *Miller Automobile Co.*, 73 Cal. App. 293 [238 Pac. 739].) The question of whether or not such slight deviation constituted an abandonment of the business of the employer is usually a question of fact for the jury and not a question of law for the court. (*Dennis* v. *Miller Automobile Co.*, *supra; Kruse* v. *White Bros., supra; Waack* v. *Maxwell Hardware Co.*, *supra.*) We therefore conclude that as the question of whether or not Nighswonger was acting on his employer's business and in the course of his employment at the time of the accident was a question of fact which the jury resolved against appellants, the finding of the jury cannot be disturbed on appeal.

We also conclude that under the circumstances disclosed by the record the question of whether or not Nighswonger was guilty of negligence in the operation of the truck at the time of the accident was a question of fact for the determination of the jury and not a question of law to be decided by the court. Under the provisions of subdivision a of section 113 of the California Vehicle Act, and numerous recent decisions of the Supreme and Appellate Courts, the question of whether or not a motor vehicle was operated in accordance with the provisions of this subdivision is, in the ordinary motor vehicle accident case,

a question of fact, and in the absence of special and unusual circumstances which do not appear in the case before us, an appellate court will not disturb the findings of the jury upon such a question.

■ Appellants maintain that the deceased was guilty of contributory negligence as a matter of law because he was walking along his right-hand side of K Street contrary to the provisions of section 150½ of the California Vehicle Act, which at the time of the accident provided as follows: "It shall be unlawful for any pedestrian to walk along and upon any highway outside of a business or residence district otherwise than close to his left-hand edge of the highway." We will assume for the present that the place of the accident was outside of a business or residence district. It cannot be doubted that the violation of the provisions of this section by a pedestrian constitutes negligence *per se* on his part. Whether or not such negligence contributed to his injury is a question of fact to be decided by the jury, in the ordinary accident case, under numerous recent decisions in California. (*Skaggs* v. *Wiley*, 108 Cal. App. 429 [292 Pac. 132]; *Hepner* v. *Libby, McNeill & Libby*, 114 Cal. App. 747 [300 Pac. 830]; *Shannon* v. *Fleishhacker*, 116 Cal. App. 258 [2 Pac. (2d) 835]; *Blodget* v. *Preston*, 118 Cal. App. 297 [5 Pac. (2d) 25]; *Morehead* v. *Roehm*, 118 Cal. App. 312 [4 Pac. (2d) 995]; *Klemko* v. *Ryer*, 118 Cal. App. 238 [4 Pac. (2d) 998].)

■ Appellants complain of the refusal of the trial court to give their requested instructions, which were as follows: "You are instructed that it is unlawful for any pedestrian to walk along and upon any highway outside of a business or residential district, otherwise than close to the left hand edge of the highway." "Every public highway shall be conclusively presumed to be outside of a business or residential district unless its existence within a business or residential district shall be established by clear and competent evidence as to the nature of the district, and unless sign posted when and as required by the California Vehicle Act," and in lieu thereof gave the following: "You are instructed that the deceased, Jose G. Gayton, had a right to travel eastward on foot on the right hand side of 'K' Street on the night in question."

It will be observed that the proposed refused instruction stated the substance of subdivision C of section 28½, and of section 150½ of the California Vehicle Act, and that the instruction given was contrary to the provisions of section 150½, if the place of the accident was outside of a business or residential district as defined in section 28½. In determining whether or not the trial court erred in refusing the requested instructions and in giving the quoted instruction it will be necessary for us to determine whether the place of the accident was within or without a business or residential district as defined in section 28½ with particular reference to the expression, "conclusively presumed", as used in subdivision c of this section. We do this with the decision in the case of *Corcoran* v. *Pacific Auto Stages, Inc.*, 116 Cal. App. 35 [2 Pac. (2d) 225], before us.

Respondent seeks to justify the action of the court below by advancing two arguments: First, that as K Street was a public street within a city in Imperial County, the trial court could take judicial notice of the structures erected along it and also the traffic signs posted upon it, and, upon its knowledge of the conditions existing at the time, determine for itself whether or not that part of K Street upon which the accident happened was or was not a business or residential district; that as the trial court refused the proposed instructions, which could only be correct if the place of the accident was without a business or residential district, and gave the quoted instruction, we must presume, in support of the judgment, that the judge drew upon his judicial knowledge and from it determined as a fact that the accident happened within a business or residential district; second, that the defense of the contributory negligence of the deceased was an affirmative defense and that appellants were required to affirmatively prove all its necessary elements including the fact that the accident happened outside of a business or residential district.

It is true that judicial notice is a form of evidence (sec. 1827, Code Civ. Proc.; 10 Cal. Jur. 691, and cases cited) upon which a court can rely to supply necessary evidentiary facts otherwise missing from a record. (*Wood* v. *Kennedy*, 117 Cal. App. 53 [3 Pac. (2d) 366], and cases cited.) The force of respondent's argument is greatly

weakened when we find that the trial court instructed the jury that the speed limit at the place of the accident was 40 miles an hour. The correctness of this instruction depended entirely upon the fact that the accident happened without a business or residential district. It cannot be very well contended that a trial judge drew upon his judicial knowledge of a fact to support one instruction, and a moment later drew upon the same judicial knowledge to support another instruction, the correctness of which depended upon the existence of a contrary fact. In this state of the record we cannot conclude that the trial judge took judicial notice of the fact that the place of the accident was within a business or residential district as they are defined by the California Vehicle Act.

It is true that contributory negligence is an affirmative defense the elements of which must be proved by the parties relying upon it. Is it true that it must be established by affirmative evidence other than a conclusive presumption of a necessary fact which the law gave to the defendants in this case? The question would seem to contain its own answer and deserve brief consideration were it not for the language used in the case of *Corcoran* v. *Pacific Auto Stages, Inc., supra.* In the Corcoran case the appellate court was of the opinion that there was evidence in the record that the place of the accident was in a residential or business district. This being the case the mandate of section 150½ of the California Vehicle Act that outside of such districts a pedestrian must walk along a highway close to his left-hand edge thereof would not become operative and the presumption of section 28½ of the same act would not necessarily become conclusive in the face of evidence concerning the actual character of the district. Therefore, what was said in the Corcoran case about the necessity of producing evidence to establish the facts to bring the case within the provisions of these two sections in order to support a defense of contributory negligence would not seem entirely necessary to the conclusion there reached. The cases cited in support of this theory (*Kohler* v. *Wells Fargo & Co.*, 26 Cal. 606, 611; *Wilson* v. *California C. R. Co.*, 94 Cal. 166, 174, 175 [29 Pac. 861, 17 L. R. A. 685]; *Alaska Salmon Co.* v. *Standard Box Co.*, 158 Cal. 567, 570 [112 Pac. 454]) go no further than to announce and apply the general rule of

section 1869 of the Code of Civil Procedure that "each party must prove his own affirmative allegations".

In the instant case it is not disputed that the deceased was walking on his right-hand half of the highway, probably about 8 feet to his right of its center line with the curb about 17 feet to his right. There is no evidence in the record tending to show that the place of the accident was within a business or residential district as these districts are defined in the California Vehicle Act. There is evidence to show that the speed signs described in sections 115 and 116 of this act were not posted on K Street. Whether or not they were posted on any intersecting streets does not appear. The question then presents itself whether or not the presumption established by section 28½ of the California Vehicle Act was available to appellants as evidence in support of their defense of contributory negligence.

Subdivision c of section 28½ of the California Vehicle Act provides as follows: "Every public highway shall be conclusively presumed to be outside of a business or residential district unless its existence within a business or residential district shall be established by clear and competent evidence as to the nature of the district, and unless sign-posted when and as required by this act."

Section 1957 of the Code of Civil Procedure classifies a presumption as indirect evidence. It cannot now be doubted that a presumption is evidence in favor of the party who is given the right to deduce it from a given state of facts. (*Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529]; secs. 1957, 1959, Code Civ. Proc.) Subdivision 7 of section 1962 of the Code of Civil Procedure provides that "Any other presumption which by statute is made conclusive" is deemed a conclusive presumption. It is well established in California that where the law establishes a conclusive presumption evidence will not be received to contradict it. (*Calkins* v. *Howard*, 2 Cal. App. 233 [83 Pac. 280]; *Filipini* v. *Trobock*, 134 Cal. 441 [62 Pac. 1066, 66 Pac. 587]; *Estate of Mills*, 137 Cal. 298 [70 Pac. 91, 92 Am. St. Rep. 175]; *Estate of Walker*, 180 Cal. 478 [181 Pac. 792]; *Estate of McNamara*, 181 Cal. 82 [183 Pac. 552, 7 A. L. R. 313]; *McCreery* v. *Charlton*, 185 Cal. 37 [195 Pac. 670]; *People* v. *Leong Fook*, 206 Cal. 64 [273 Pac. 779]; *People* v. *Ellis*, 206 Cal. 353 [274 Pac. 353].)

█ We conceive the true construction of the application of subdivision c of section 28½ of the California Vehicle Act to be that during the progress of a trial either party may introduce evidence to determine whether or not a portion of a given street is in a business or residence district as defined in the other two subdivisions of this section and as to whether or not the signs described in sections 115, 116 of the act are posted as there required. Where, as in the present case, there is no evidence that the signs were posted and a complete failure of evidence on the question of the street being in either a business or residential district, the presumption established by subdivision c of the section comes into play at the close of the evidence and conclusively establishes the street as outside a business or residential district. █ This conclusive presumption becomes evidence which defendants may invoke in support of a defense of contributory negligence. It follows that the trial court should have given the requested instructions and should not have given the quoted instruction of which appellants complain. A study of the case of *Corcoran* v. *Pacific Auto Stages, Inc., supra,* has satisfied us that the final decision there reached does not conflict with our decision in this case because of the difference in the facts and the evidence in the two cases.

█ Having reached the conclusion that the trial court erred in refusing to give and in giving instructions to the jury it becomes necessary for us to determine whether or not these errors were prejudicial. (Sec. 4½, art. VI, Const.) From what we have said it appears that one of the main defenses interposed by appellants was contributory negligence on the part of deceased. This contributory negligence, if any, mainly consisted of the violation of the provisions of section 150½ of the California Vehicle Act. Appellants were entitled to have this question submitted to the jury under *proper instructions.* This the trial court did not do. It refused to instruct under the terms of this section and erroneously instructed the jury ''that the deceased, Jose G. Gayton, had a right to travel eastward on foot on the right hand side of 'K' street on the night in question'', contrary to the express terms of the section. This took away from the jury consideration of the question of whether or not this negligence *per se* of the deceased, if any, contributed to his death. As this was one of the main defenses

of appellants upon which they principally relied, the error in refusing these proper instructions and in giving the improper one could have no other effect than to prejudice them by depriving them of a proper defense against the suit of respondent.

 The attempted appeal from the order denying the motion for new trial is dismissed. (Sec. 963, Code Civ. Proc.)

Judgment reversed.

Barnard, P. J., and Jennings, J., concurred.