[Civ. No. 8732. First Appellate District, Division One.—May 26, 1933.]

JOSEPH PISANI, Respondent, v. ANGELO MARTINI et al., Appellants.

Charles W. Haswell for Appellants.

J. E. McCurdy, Walter McGovern and Abraham M. Dresow for Respondent.

KNIGHT, J.—While walking along a highway in San Mateo County known as the Half Moon Bay highway, about 6 o'clock on the night of December 13, 1931, the plaintiff

Pisani was struck and injured by an automobile driven by the defendant Angelo Martini, as a result of which Pisani brought this action for damages, and upon trial before a jury was awarded a verdict for $2,500. From the judgment entered on said verdict defendants have appealed.

At the time of the impact Pisani was walking along the extreme outer right edge of the highway, off the paved portion. He had just crossed over from the left side in order to avoid two automobiles, one following the other, which were approaching him in the opposite direction and on the same side of the highway. One of the automobiles was being driven by a man named Torres and was towing the other. After crossing over to the right side of the highway, Pisani traveled a distance of approximately fifty feet when Martini, who was following the other two automobiles, overtook said automobiles and attempted to pass them on the left side and in doing so struck Pisani.

Section 150½ of the California Vehicle Act provides that "It shall be unlawful for any pedestrian to walk along and upon any highway outside of a business or residence district otherwise than close to his left-hand edge of the highway." And subdivisions (a) and (b) of section 28½ of said act define a business and a residential district, which, according to sections 115 and 116 of said act are required to be signposted.

In the present case appellants proposed the following instruction, which the trial court refused to give: "I instruct you that the California Vehicle Act provides as follows: 'Sec. 150½. It shall be unlawful for any pedestrian to walk along and upon any highway outside of a business or residence district otherwise than close to his left-hand edge of the highway.' If you find *from the evidence* that the plaintiff violated this provision of the statute, then I instruct you that he was guilty of negligence as a matter of law, and if you further find that such negligence on his part proximately caused or contributed to this accident in the slightest degree, then your verdict must be in favor of the defendants." (Italics ours.) Another instruction to the same general effect, but omitting the provisions of said section 150½, was also proposed by appellants and by the court refused. As will be noted, the instruction proposed stated in substance and effect that if the jury found *"from the*

*evidence*" that plaintiff was walking upon the highway "outside of a business or residence district" otherwise than close to his left-hand side thereof, he was guilty of negligence as a matter of law. But no instruction was proposed or requested by appellants defining such districts nor did the court give any such instruction of its own motion; and furthermore, no evidence whatever was introduced to show whether the accident occurred within or without a business or residential district, as the same are defined by said Vehicle Act. Respondent contends, therefore, that since under the general rule appellants, as the defendants in the action, were charged with the burden of establishing contributory negligence and failed to offer any evidence whatever to prove a violation of the statutory provisions embodied in their instructions, the provisions of that statute were not involved and consequently the trial court was justified in refusing to give an instruction based thereon. Such contention appears to be amply supported by the decision in the case of *Corcoran* v. *Pacific Auto Stages, Inc.*, 116 Cal. App. 35 [2 Pac. (2d) 225], decided about a year prior to the trial of the present action, and afterwards denied a hearing before the Supreme Court; and the effect of that decision was doubtless before the parties hereto and the trial court when the present action was tried. But as shown by that decision, the Vehicle Act further provides (subd. [c], sec. 28½) that "Every public highway shall be conclusively presumed to be outside of a business or residential district unless its existence within a business or residential district shall be established by clear and competent evidence as to the nature of the district, and unless signposted when and as required by this act"; and after the appeal in the present action was taken a case was presented to the District Court of Appeal of another district (*Gayton* v. *Pacific Fruit Express Co.*, 127 Cal. App. 50 [15 Pac. (2d) 217]) involving the same question, and it was there held, apparently contrary to the rule of the Corcoran case, *supra*, that "Where, as in the present case, there is no evidence that the signs were posted and a complete failure of evidence on the question of the street being in either a business or residential district, the presumption established by subdivision (c) of the section comes into play at the close of the evidence and conclusively establishes the street as outside a business or residential district.

The conclusive presumption becomes evidence which the defendants may invoke in support of a defense of contributory negligence.'' The decision in this later case was not reviewed by the Supreme Court and as stated therein the facts thereof were somewhat different from those of the Corcoran case, *supra,* in that there was some evidence introduced in the Corcoran case, according to the decision, upon the question of whether the accident occurred within or without a business or residential district; whereas, in the Gayton case, as here, there was an entire absence of evidence upon the subject. However, assuming as appellants contend that there is a conflict between the two cases as to the legal principle declared, and assuming further, as appellants contend, that the later case states the correct rule, it is evident that the theory on which they urged the defense of contributory negligence was based exclusively upon the law as declared in the Corcoran case, namely, that they were required to show by evidence that the accident occurred outside of a business or residential district, and that they did not rely upon nor seek to invoke the aid of the presumption created by subdivision (c) of said section 28½ of the Vehicle Act. This clearly appears from two sources; first, the·instructions they proposed and which the court refused to give, plainly and unequivocally stated that the jury should determine the question of whether the accident occurred within or without a business or residential district ''from the evidence''; and secondly, they did not take any measures whatever, as did the appellants in the Gayton case, *supra,* to inform the jury of the existence of the presumption created by said Vehicle Act. In the Gayton case, as will be seen from the decision therein, the appellants proposed an instruction embodying the provisions of subdivision (c) of section 28½ of the Vehicle Act which creates said presumption; and the trial court refused to give the same. Here appellants proposed no instruction whatever, nor did they request the trial court to give any, embodying or relating to the presumption created by the provisions of subdivision (c) of said section 28½; nor did they propose, or request the court to give, any instructions defining a business or residential district. It is our conclusion, therefore, that on account of their failure so to do they are not entitled to claim the benefit of said presumption for the first time on appeal, nor are they in a

position to complain of the action of the trial court in refusing the instructions they did propose, for the reason that even though said proposed instructions had been given, the jury would still have been left entirely in the dark as to the existence of said presumption, and as to what did or did not constitute a business or residential district. In other words, as repeatedly held, the jury must take the law of the case from the court through the medium of instructions. It is not presumed to know the law, and if in the absence of instructions it assumes to possess such knowledge, any attempt to apply it to the facts of the case constitutes a violation of its duty.

■ Nor do we find any merit in appellants' contention that there was misconduct on the part of the trial court in suggesting to the jury that it retire for further deliberation after it had announced that it could not agree upon a verdict. The remarks of the court in no way indicated how the case should be decided, nor did they carry any implication of intimidation or coercion. The court stated in substance merely that the case had been well tried, and that it was one in which an agreement should be reached. It then asked the jury if it did not think "that by talking the matter over" it could agree; to which a juror replied, "We might try". Thereupon the jury retired and later brought in a verdict.

■ The action was instituted against "Angelo Martini, First Doe and Second Doe" as defendants, it being alleged in the complaint merely that "the defendants, acting through said defendant Angelo Martini, drove and operated" said automobile in a careless and negligent manner, etc. Later Martini's wife was served with summons in the action and substituted as party defendant in the place of one of the fictitious parties; and she filed a separate answer denying generally all the allegations of the complaint. It is now asserted, in her behalf, that there was no evidence whatever to connect her with the ownership or operation of, or the right of control over, said automobile; and it is contended, therefore, that the evidence is wholly insufficient to sustain any judgment against her. Respondent does not dispute the claim of lack of such evidence but contends that the point should have been raised on motion for nonsuit or for a directed verdict, or on proceedings for new trial, and that

the question of the insufficiency of the evidence cannot be raised for the first time on appeal. We find no merit in respondent's contention. The issue as to the liability of Martini's wife was raised by her answer; and on her motion for new trial she urged the points that the evidence was insufficient to justify the verdict against her and that said verdict and judgment were against law. She is entitled, therefore, to raise the question of the insufficiency of the evidence on this appeal.

Accordingly, the judgment as to Lena Martini is reversed, and as to Angelo Martini it is affirmed.

Tyler, P. J., and Cashin, J., concurred.