[S. F. No. 15824.   In Bank.—October 18, 1937.]

EMILE GORDOY, Respondent, v. REX FLAHERTY et al., Defendants; UNION OIL COMPANY (a Corporation), Appellant.

Frank V. Campbell, L. H. Schellbach, Walter E. Rankin and Robert E. Hayes for Appellant.

Jensen & Holstein and Robert E. Cassin for Respondent.

THE COURT.—This is an action for damages for personal injuries.   Plaintiff's automobile collided with a car

driven by defendant Flaherty at the intersection of Stockton Avenue and Polhemus Street in the city of San Jose. The evidence sufficiently establishes the negligence and liability of defendant Flaherty. The issue raised by this appeal is as to the liability of the other defendant, appellant Union Oil Company. Flaherty was employed by the company as a service station attendant, and the question is whether he was acting within the scope of his employment. The verdict and judgment were for the plaintiff, and defendant Union Oil Company appealed.

The facts are not disputed. As part of his duties Flaherty was occasionally required to go into town to get change, and also to turn in money to the branch office of the company. There was no route prescribed for these errands. Just before noon on the day of the accident, Flaherty took his own automobile, drove to the bank to get change, intending thereafter to proceed to the branch office of the company to leave his money. While he was stopping at the bank, Mrs. Frantz, mother of a friend and fellow employee, asked him to take her to her home in Santa Clara, a few miles away from San Jose. He agreed, and after assisting her into the car with her parcels, he proceeded to drive on toward the company office. But instead of stopping there, he kept on driving in the direction of her home. The collision took place three blocks past the office.

It seems perfectly clear that at the time of the accident Flaherty had departed from his employment and was performing services for another, outside its scope. This is not a case of a choice of different possible routes, or minor or immaterial deviations in the course of a business errand. If Flaherty had taken Mrs. Frantz as a passenger, and driven her to some point between the bank and the branch office, or had even deviated by a short distance from the most direct route, it might still be held that he was within the general scope of his employment at the time of the accident. (*Gayton* v. *Pacific Fruit Express Co.*, 127 Cal. App. 50 [15 Pac. (2d) 217] ; Restatement, Agency, secs. 234, 236.) But it was not a mere deviation when he actually passed the company office and proceeded in the direction of a place which had no relation to the company business. This was a real departure from the employment, despite the fact that he intended subsequently to return to his employer's business; and during such departure the employer was not liable for the em-

ployee's tort. (See *Kish* v. *California State Automobile Assn.,* 190 Cal. 246 [212 Pac. 27]; *Fiocco* v. *Carver,* 234 N. Y. 219 [137 N. E. 309]; *Sauriolle* v. *O'Gorman,* 86 N. H. 39 [163 Atl. 717]; Restatement, Agency, secs. 234, 237.)

It is also urged in support of the judgment that driving members of other employees' families to their homes was a customary courtesy extended by employees of the company, and that the company had never raised any question about it nor given any orders against it. The record, however, simply indicates that no warnings had ever been given defendant Flaherty, and it does not show that the company ever countenanced the practice. On the contrary, the employer's superintendent testified that the employees had no such authority, and that those who had assumed it had been cautioned. There is no evidence that the company had any knowledge that Flaherty had previously engaged in the practice, and therefore it is immaterial that he was not expressly warned against it.

The judgment is reversed.

Rehearing denied.