[Civ. No. 19852.   Second Dist., Div. Three.   Feb. 26, 1954.]

EMMA LOOS, Appellant, v. BOSTON SHOE COMPANY et al., Respondents.

Hirson & Horn for Appellant.

Schell, Delamer & Loring for Respondents.

SHINN, P. J.—Plaintiff was struck by a car owned and operated by defendant Carey, an employee of Boston Shoe Company. Jack Smith also was sued as an owner of the car but there is no discussion in the briefs as to his connection with the accident. Plaintiff's evidence was presented to a jury. When plaintiff had rested, the motion of Boston Shoe Company and Smith for a nonsuit was granted, and judgment was ordered in their favor for costs. Plaintiff and Carey stipulated to dismissal of the jury and to a trial to the court. It was also stipulated that if the office manager of Boston Shoe Company were called as a witness he would testify that there was no arrangement with Carey that he would have his car available at a given time. The cause was submitted, findings were waived and judgment was entered in favor of plaintiff against Carey. Plaintiff appeals from the order granting the motion for nonsuit which awarded costs to defendants Boston Shoe Company and Smith.

The appeal is on a partial reporter's transcript, consisting of the testimony of Carey.

The question is whether there was evidence which would have warranted a finding that at the time of the accident Carey was acting in the service of his employer.

Boston is a wholesaler of shoes; Carey was a salesman, selling inside his place of business; he did some errands for his employer; he used his own car, bought his own gas and received nothing for car expense; he occasionally went out to deliver samples; the company had a panel truck for the use of salesmen who did not have a car; Carey's hours were from 8 a. m. until 5 p. m. On the evening of January 4, 1951, there was a meeting of the salesmen at the company office preceding which the company took the men to dinner, which Carey attended, as was his custom. He parked his car on Santee Street between 9th and Olympic, walked a half block north to 9th Street, a block west on 9th Street to Los Angeles Street and a half block north to the company office. From there the men walked a half block north to 8th Street,

two blocks west to Spring and a short distance north to the café. After dinner they walked back to the company office. It was raining lightly. The company's Mr. Wall mentioned to Carey that he thought he would move his car, which was parked on Santee Street, to a point nearer the office, as it might be raining harder when the meeting was over. Defendant thought it would be a good idea to move his car also; he walked to his car, entered it and drove north on Santee to 8th Street, intending to park it closer to the office. At the corner of 8th and Santee Streets he ran into plaintiff, a pedestrian who was crossing the street. After inquiring as to her injuries Carey hurried to the company office and telephoned for an ambulance.

In *Lockheed Aircraft Corp.* v. *Industrial Acc. Com.*, 28 Cal.2d 756, 758 [172 P.2d 1], it was said: "The established rule was repeated in *Ryan* v. *Farrell*, 208 Cal. 200, 204 [280 P. 945], viz.: That where the employee is combining his own business with that of his employer, or attending to both at substantially the same time, no nice inquiry will be made as to which business he was actually engaged in at the time of injury, unless it clearly appears that neither directly or indirectly could he have been serving his employer. (See also *Tingey* v. *Industrial Acc. Com.*, 22 Cal.2d 636, 640 [140 P.2d 410]; *Loper* v. *Morrison*, 23 Cal.2d 600, 606 [145 P.2d 1]; *Broecker* v. *Moxley*, 136 Cal.App. 248, 256 [28 P.2d 409].)"

It has been held repeatedly that where the employee has deviated from the normal course of his service in order to serve some purpose of his own, it is generally a question of fact whether he was merely combining his own affairs with those of his employer or had altogether departed from the latter's service. (*Westberg* v. *Willde*, 14 Cal.2d 360 [94 P.2d 590].)

The fact that the employee has not finished his day's work is not determinative. As said in *Loper* v. *Morrison*, 23 Cal.2d 600, 605 [145 P.2d 1]: "In each case involving scope of employment all of the relevant circumstances must be considered and weighed in relation to one another. (*Waack* v. *Maxwell Hardware Co.*, 210 Cal. 636, 640 [292 P. 966]; *Cain* v. *Marquez*, 31 Cal.App.2d 430, 441 [88 P.2d 200]; *Fiocco* v. *Carver*, 234 N.Y. 219 [137 N.E. 309]; *Bryan* v. *Bunis*, 208 App.Div. 389 [203 N.Y.S. 634]; 2 Mecham on Agency (2d ed.), § 1880, pp. 1461-1462, and, generally, pp. 1457-1491; Rest. Agency, §§ 228-237.) Under these

authorities the factors to be considered, insofar as pertinent to this case, are the intent of the employee, the nature, time, and place of his conduct, his actual and implied authority, the work he was hired to do, the incidental acts that the employer should reasonably have expected would be done, and the amount of freedom allowed the employee in performing his duties.''

In the cases relied on by plaintiff the employee was engaged in some uncompleted service from which he had temporarily deviated in order to engage in some personal activity; the interests of the employer were being served, although not immediately or directly; the conduct of the employee was such as could reasonably have been anticipated by the employer as incidental to the employment. This will appear from an analysis of the following cases cited by plaintiff: *Kruse* v. *White Brothers,* 81 Cal.App. 86 [253 P. 178] (employee intending to call on customer); *Vitelli* v. *Stanbrough,* 118 Cal.App. 120 [4 P.2d 818] (employee returning employer's vehicle to employee's garage where it was regularly kept); *Waack* v. *Maxwell Hardware Co.,* 210 Cal. 636 [292 P. 966] (same); *Gayton* v. *Pacific Fruit Express Co.,* 127 Cal.App. 50 [15 P.2d 217] (employee returning employer's vehicle to employee's garage where it was kept part time); *Barton* v. *McDermott,* 108 Cal.App. 372 [291 P. 591] (employee returning home from completed errand); *May* v. *Farrell,* 94 Cal.App. 703 [271 P. 789] (salesman returning home from trip to interview customer); *Ryan* v. *Farrell,* 207 Cal. 200 [280 P. 945] (same); *State Comp. Ins. Fund* v. *Industrial Acc. Com.,* 89 Cal.App. 197 [264 P. 514] (workman returning home after completing errand); *Brimberry* v. *Dudfield Lbr. Co.,* 183 Cal. 454 [191 P. 894] (corporation officer returning home after completing errand); *Aubel* v. *Sosso,* 72 Cal.App. 57 [236 P. 319] (juvenile employee took ''joyride'' while performing errand); *Cain* v. *Marquez,* 31 Cal. App.2d 430 [88 P.2d 200] (employee continuing errand after stopping to eat); *Westberg* v. *Willde,* 14 Cal.2d 360 [94 P.2d 590] (employee continuing errand after detour to visit father); *Loper* v. *Morrison,* 23 Cal.2d 600 [145 P.2d 1] (employee intending to call again on previously absent customer after taking fellow employee home). It is sufficient to say of the other cases cited by plaintiff that the facts upon which they were decided distinguish them from the case at bar.

A case which is most nearly in point on the facts is *Gordoy* v. *Flaherty*, 9 Cal.2d 716 [72 P.2d 538]. A judgment for plaintiff was reversed for insufficiency of the evidence to prove that the employee, Flaherty, was engaged in the service of his employer, Union Oil Company, when his car came into contact with plaintiff's car. We quote from the opinion as follows: "Flaherty was employed by the company as a service station attendant, and the question is whether he was acting within the scope of his employment. . . .

"The facts are not disputed. As part of his duties Flaherty was occasionally required to go into town to get change, and also to turn in money to the branch office of the company. There was no route prescribed for these errands. Just before noon on the day of the accident, Flaherty took his own automobile, drove to the bank to get change, intending thereafter to proceed to the branch office of the company to leave his money. While he was stopping at the bank, Mrs. Frantz, mother of a friend and fellow employee, asked him to take her to her home in Santa Clara, a few miles away from San Jose. He agreed, and after assisting her into the car with her parcels, he proceeded to drive on toward the company office. But instead of stopping there, he kept on driving in the direction of her home. The collision took place three blocks past the office.

"It seems perfectly clear that at the time of the accident Flaherty had departed from his employment and was performing services for another, outside its scope. This is not a case of a choice of different possible routes, or minor or immaterial deviations in the course of a business errand. If Flaherty had taken Mrs. Frantz as a passenger, and driven her to some point between the bank and the branch office, or had even deviated by a short distance from the most direct route, it might still be held that he was within the general scope of his employment at the time of the accident. (*Gayton* v. *Pacific Fruit Express Co.*, 127 Cal.App. 50 [15 Pac.(2d) 217]; Restatement, Agency, §§ 234, 236.) But it was not a mere deviation when he actually passed the company office and proceeded in the direction of a place which had no relation to the company business. This was a real departure from the employment, despite the fact that he intended subsequently to return to his employer's business; and during such departure the employer was not liable for the employee's tort. (See *Kish* v. *California State Automobile Assn.*, 190 Cal. 246 [212 Pac. 27]; *Fiocco* v. *Carver*, 234 N.Y. 219 [137

N.E. 309] ; *Sauriolle* v. *O'Gorman*, 86 N.H. 39 [163 Atl. 717] ; Restatement, Agency, §§ 234, 237.) ''

The reasoning of the court is applicable to the facts of the present case. There is no tenable ground of distinction between the two cases.

It was expected of Carey that he would attend the dinner and the company meeting, and he was acting in the performance of his duties when he went to the company office, joined the other men, went to dinner and returned with them to the office. But when he went to his car, and while he was moving it to a place closer to the office, he was on an errand of his own which did not concern his employer. He had done what was expected of him when he attended the dinner and returned to the company office. He then had nothing to do that was of interest to the company other than to remain for the salesmen's meeting. Of course it was not necessary for him to return to his car and move it in order to attend the meeting. When he left the vicinity of the office he was acting solely for his own convenience. He departed from the service of his employer in order to do something that was entirely unnecessary to the complete performance of his duties and which did not directly or incidentally further the interest of his employer. To be sure, he was returning to the company office at the time of the accident, but this was made necessary by his departure from his employer's business upon a mission of his own. (See *Peccolo* v. *City of Los Angeles*, 8 Cal.2d 532, 539 [66 P.2d 651].) It was a mission the employer could not reasonably have anticipated as having any connection with Carey's work, and concerning which he would not have been privileged to give instructions. As a matter of fact it was none of the employer's business or concern what Carey might do with respect to changing the location of his car.

The evidence as to liability under the doctrine of *respondeat superior* was undisputed and presented only a question as to its legal sufficiency. This question of law was properly decided by the order of nonsuit. (*Peccolo* v. *City of Los Angeles, supra,* 8 Cal.2d 532; *Martinelli* v. *Stabnau,* 11 Cal. App.2d 38 [52 P.2d 956] ; *Humphry* v. *Safeway Stores, Inc.,* 4 Cal.App.2d 589 [41 P.2d 208] ; *Gousse* v. *Lowe,* 41 Cal.App. 715 [183 P. 295].) A finding that Carey was acting in the service of his employer at the time of the accident would have been contrary to the undisputed evidence that he was

upon an errand that was exclusively and purely personal.
The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied March 15, 1954, and
appellant's petition for a hearing by the Supreme Court was
denied April 21, 1954. Carter, J., was of the opinion that
the petition should be granted.