John C. **OBST,** as Guardian ad Litem of Alaina Obst, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE et al., Defendants.**

**No. C–76–380 SC.**

United States District Court, N. D. California.

Feb. 8, 1977.

---

**29.** DX 8.

Kurt D. Huysentruyt, Nevin &. Nevin, San Francisco, Cal., for plaintiff.

James L. Browning, Jr., U.S. Atty., William T. McGivern, Asst. U.S. Atty., San Francisco, Cal., for defendants.

## ORDER

CONTI, District Judge.

This matter comes before the court on plaintiff's and defendants' cross-motions for partial summary judgment on the issue of defendant Michael Cropper's scope of employment. Rule 56(a), F.R.C.P. There are no issues of material fact relating to these motions which would prevent a ruling. The undisputed facts are as follows.

Defendant Michael Cropper, a postal carrier and employee of defendant United States Postal Service, as a frequent practice spent his lunch hour on a plateau overlooking the city of San Francisco. He was not authorized to take his lunch break at that location, but his supervisor was aware that this was his habit. There is no indication that the supervisor took any action to halt his practice or to inform Cropper that it was unauthorized. Cropper was authorized to take his lunch break at the end of Crestmont Drive, a paved cul-de-sac. To reach the unauthorized plateau location, it was necessary for Cropper to travel past the end of Crestmont Drive onto an unpaved, bumpy road and continue for approximately five blocks. Cropper had no deliveries or other postal business along this unpaved road.

Cropper also not infrequently carried juveniles living in the area in his postal vehicle as he travelled to the plateau. He did this with permission of the parents of the juveniles, and did so for the purpose of talking over with the juvenile whatever problem was on his or her mind. The transportation of unauthorized passengers was also against postal service rules. His supervisor was not aware of Cropper's practice.

On the date the injury to plaintiff occurred, Cropper picked up plaintiff and another person and started towards the plateau for his lunch break. About 150 feet down the dirt road (or 150 feet past his authorized lunch break location) he struck a rock or other obstacle, causing plaintiff to fall inside the vehicle and injure her hip. Cropper assumed he was personally responsible for the accident and did not report it to the postal service. When it later learned of the accident and injury, he was disciplined for violation of postal service rules.

Among Cropper's many duties, he was responsible for safeguarding the mail. He was permitted to do this either by remaining with the mail or by locking it securely inside his vehicle or other authorized place. His responsibility extended through the lunch period.

Postal service rules forbade Cropper from deviating from his authorized route. Deviations for the purpose of his lunch, however, could be approved by a "manager." It is undisputed that Cropper believed he was permitted to travel up to one-half mile from his assigned route for purposes of obtaining his lunch meal or reaching an assigned lunch location. He had been issued a rule book and form describing authorized lunch locations, but, according to un-

disputed testimony, no time during working hours for reading and assimilating these rules had been permitted by postal service officials and employees were not allowed to take them out of the postal station so that they might be read during non-working hours. Accordingly, Cropper's knowledge of these rules, such as it was, was acquired by word-of-mouth from other employees and his union steward.

Defendants maintain that by acting in contravention of written postal service rules Cropper was acting outside the scope of his employment. They point to these rules, the postal service's subsequent disciplining of employee Cropper, and the fact that the injury to plaintiff occurred while Cropper was on his lunch break, as proof that Cropper's transportation of plaintiff was an unauthorized "lunch time frolic" or "joy ride" of no benefit to the postal service.

Plaintiff contends that Cropper's violation of postal service rules does not automatically take his actions outside the scope of his employment. She points to cases which hold that where an employee is at least in part carrying out the business of his employer at the time a tortious act occurs, violations of rules or travel to lunch will not prevent a finding that the tort occurred while the employee was acting within the scope of his employment. Plaintiff maintains that Cropper was safeguarding the mail while travelling down the dirt road to his lunch location, and thus was, in part, carrying out the business of his employer.

To impose liability on defendants, employee Michael Cropper must have been acting within the scope of his employment when the injury to plaintiff occurred. 28 U.S.C. § 1346(b). California law determines the scope of Cropper's employment.

■ As construed by California courts, an employee acts within the scope of his employment, and his employer may be found liable for those acts, if (1) the employee's conduct was authorized by the employer, either expressly or implicitly; or (2) the conduct occurred during performance of services benefitting the employer, directly or indirectly; or (3) the conduct, even though not expressly nor impliedly authorized, was an incidental event connected with the employee's assigned work. *Coats v. Construction & General Laborers Local No. 185,* 15 Cal.App.3d 908, 93 Cal.Rptr. 639 (1971); *McIvor v. Savage,* 220 Cal.App.2d 128, 33 Cal.Rptr. 740 (1963).

The general rule is

that an employee on his way to lunch, even though he is driving an automobile which is the property of the master, is not engaged in furthering any end of the employer, and that therefore under such circumstances, the servant is not acting within the scope of his employment. The so-called "lunch hour rule" . . . is, however, subject to an exception termed the "dual or combined purpose rule." The latter rule was stated thusly in *Ryan v. Farrell*: "[W]here the servant is combining his own business with that of his master, or attending to both at substantially the same time, no nice inquiry will be made as to which business the servant was actually engaged in when a third person was injured; but the master will be held responsible, unless it clearly appears that the servant could not have been directly or indirectly serving his master."

*Gipson v. Davis Realty Co.,* 215 Cal.App.2d 190, 209–10, 30 Cal.Rptr. 253, 264 (1963) (citations omitted).

■ Since it is undisputed that Cropper's duties included safeguarding the mail in his possession, a function to which the postal service attaches much importance, the court believes this case falls within the "dual purpose" exception stated above. That Cropper also mingled with this purpose contemplated by his employment other personal purposes in violation of postal service rules does not detract from the fact that his service benefitted his employer. *Ryan v. Farrell,* 208 Cal. 200, 280 P. 945 (1929); *DeMirjian v. Ideal Heating Corp.,* 129 Cal. App.2d 758, 278 P.2d 114 (1954).

The court is aware that in *Gurklies v. General Air Conditioning Corp.,* 91 Cal.

App.2d 734, 205 P.2d 749 (1949), a California court held that the safeguarding of an employer's tools by an employee, required as a condition of employment, was an insignificant incident of the primarily personal purpose of the employee's travel after working hours. In this case, however, ensuring the safety of the mail is neither insignificant nor incidental.

Similarly, in *Gordoy v. Flaherty,* 9 Cal.2d 716, 72 P.2d 538 (1937), the California Supreme Court held that the journey of an employee who, while on an errand for his employer, carried an unauthorized personal passenger three blocks past his business destination, was a real and substantial deviation which took the employee outside the scope of his employment. Here, however, employee Cropper had not reached a point where he had satisfied his employer's purposes. Though he had travelled past his authorized lunch location, he continued to be responsible for safeguarding the mail, a responsibility that could be satisfied only by locking the vehicle or remaining with it.

To attempt to scrutinize the activities of employee Cropper in an effort to determine in whose interests he was acting at the moment of the injury to plaintiff would require that we engage in a "nice inquiry" which California law proscribes in cases such as this. *Ryan v. Farrell, supra; see DeMirjian v. Ideal Heating Corp., supra; Gipson v. Davis Realty Co., supra.*

Instead, for the reasons stated above, the court finds that the facts show that employee Cropper was acting within the scope of his employment when he transported the plaintiff and the injury to her occurred. Partial summary judgment for plaintiff is granted as to this issue, and defendants' motion for summary judgment is denied.

SO ORDERED.