[L. A. No. 9763. In Bank.—September 24, 1929.]

L. R. RYAN, Respondent, v. J. W. EMMERSON FARRELL, Defendant; EDWARDS–MERRITT CO. (a Corporation), Appellant.

J. C. Hizar for Appellant.

P. M. Andrews and Allen E. Rogers for Respondent.

SEAWELL, J.—Defendant Edwards-Merritt Co., a corporation, appeals from an order granting a new trial on motion of plaintiff following the entry of a judgment of nonsuit in favor of defendant in an action wherein plaintiff sought to recover damages for personal injuries received

when an automobile in which he was riding was struck and overturned by an automobile operated by defendant J. W. Emmerson Farrell, claimed by plaintiff to be an employee of appellant company. The trial judge granted the nonsuit at the close of plaintiff's evidence on the ground that plaintiff had failed to establish that said J. W. Emmerson Farrell was an employee of appellant for whose negligence it would be liable on the doctrine of *respondeat superior.* Thereafter plaintiff's motion for a new trial was granted by a different judge than the one who had rendered the judgment of nonsuit.

The evidence bearing on the relationship of Farrell, the driver of the automobile, and appellant company is found in the testimony of Farrell. Appellant maintained a sales agency in the city of San Diego for the sale of Chrysler and Maxwell automobiles. Farrell had been connected with said agency as a salesman for about a year at the time of the accident. He received a commission on all sales made and was allowed a drawing account of $150 a month, amounts paid being deducted from commissions on sales made. In calling upon prospective purchasers Farrell used an automobile purchased from appellant on conditional sales contract and not fully paid for, and at the time he struck the automobile in which plaintiff was riding he was returning to San Diego, his place of residence, from Pacific Beach, where he had gone with the purpose of interviewing a prospective purchaser. He testified that salesmen connected with appellant generally used between 100–120 gallons of gasoline a month, 40 gallons of which were furnished by said appellant. ▮ If Farrell was the employee of appellant, rather than an independent contractor, and was acting in the course of his employment when he inflicted injuries upon plaintiff, appellant is not relieved of liability by reason of the circumstance that the automobile was not one supplied by it for the use of its employee, but was the private car of said employee used by him in performing service for his employer with the express or implied consent of said employer. (*Brimberry* v. *Dudfield Lumber Co.,* 183 Cal. 454 [191 Pac. 894].)

Farrell further testified that he was employed for no definite length of time, and that the company had the right to discharge him at any time. All salesmen were required

to report at appellant's office every morning at 8:15 for a sales meeting to receive instructions in regard to the promotion of sales from appellant's sales manager, who had charge of all salesmen. At these meetings the sales manager discussed with salesmen the details of their work. He also gave the salesmen the names of prospective customers to call upon. Farrell stated that he regarded himself as under the control and management of appellant.

Farrell's duties consisted in inducing prospective customers to agree to buy cars from appellant, at prices fixed by it. On behalf of appellant he procured the signatures of buyers to written contracts of purchase either at appellant's agency or wherever it might be convenient for the buyer to execute the contract. If a second-hand car was taken in, he secured an appraisal from the Certified Market, as directed by the sales manager, and the car was taken in at the valuation thus fixed.

From the facts and circumstances testified to concerning the relationship between Farrell and appellant, the jury might well have concluded that appellant possessed the right to exercise that degree and kind of control over Farrell which distinguishes an employer from one for whom another is rendering services as an independent contractor. Hence the trial judge did not err in granting a new trial on motion of plaintiff following the judgment of nonsuit.

Not only is the evidence consistent with a right of control, which is the governing factor, but it appears that there was an exercise of such control through the instructions which were given to the salesmen at the daily meetings.

The fact that a certain amount of freedom of action is inherent in the nature of the work does not change the character of the employment where the employer has general supervision and control of it. (*Cameron* v. *Pillsbury*, 173 Cal. 83 [159 Pac. 149].)

In *May* v. *Farrell*, 94 Cal. App. 703 [271 Pac. 789], the District Court of Appeal affirmed the judgment in an action against appellant herein growing out of the same collision as the instant case. Although the evidence given in that case was not identical in all particulars with that herein, the court in its discussion says much that is applicable in the instant case. We do not regard *Barton* v. *Studebaker Corp.*, 46 Cal. App. 707 [189 Pac. 1025], as inconsistent

204

with the decision we here make. Each case must necessarily be determined on its own particular facts, and while the court in that case did not regard the facts as indicating an authoritative right of control, in the instant case a jury may have concluded such right to exist.

■ Nor can it be held that plaintiff failed to show that Farrell was acting in the course of his employment when plaintiff was injured. Farrell had made the trip from San Diego to Pacific Beach to interview a prospective purchaser and was making the return trip when he injured plaintiff. An employee who has gone upon an errand on behalf of his master does not cease to be acting in the course of his employment at the moment he starts upon the return trip after having performed the errand. (*May* v. *Farrell,* *supra.*) ■ Farrell expected also to meet his wife at the Coronado ferry on his way home from Pacific Beach. It is the established rule in this jurisdiction that where the servant is combining his own business with that of his master, or attending to both at substantially the same time, no nice inquiry will be made as to which business the servant was actually engaged in when a third person was injured; but the master will be held responsible, unless it clearly appears that the servant could not have been directly or indirectly serving his master. (*Brimberry* v. *Dudfield Lumber Co.,* 183 Cal. 454 [191 Pac. 894] ; *Kruse* v. *White Bros.,* 81 Cal. App. 86 [253 Pac. 178] ; *May* v. *Farrell, supra; Dennis* v. *Miller Automobile Co.,* 73 Cal. App. 293 [238 Pac. 739].) It does not clearly appear here that at the time Farrell struck plaintiff he had so far departed from the normal or direct route of his return trip to San Diego that it could be said that he was acting without the course of his employment.

The order granting a new trial is affirmed.

Shenk, J., Richards, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.