[Civ. No. 11677.   Second Appellate District, Division One.—February 7, 1939.]

ROBERT HUGH SULLIVAN, a Minor etc., Respondent, v. CLIFFORD T. THOMPSON et al., Defendants; C. STANDLEE MARTIN, Appellant.

Kenneth J. Murphy for Appellant.

Russell H. Pray and Roy J. Brown for Respondent.

DORAN, J.—This is an appeal by defendant C. Standlee Martin from a judgment entered jointly against him and the defendant Clifford T. Thompson, in favor of plaintiff, a minor eight years of age, for damages resulting from an automobile accident which occurred in Long Beach, California.

Defendant Martin, an automobile dealer, is also the operator of a used-car business having two locations in Long Beach: one at 730 American Avenue, and the other at Ocean and Atlantic Avenues. Defendant Thompson was employed by Mr. Martin as a used-car salesman, his duties being wholly concerned with that phase of the business.

On Sunday, June 14, 1936, the day of the accident, Mr. Thompson was directed to report to the Ocean Avenue lot for "floor duty" in the afternoon between the hours of 12:30 and 6 o'clock, in accordance with a schedule arranged by the used-car salesmanager. With regard to such schedule, Mr. Martin testified that the salesmen's hours on duty were not strictly confined to the time of such schedules.

It appears from the evidence that on the preceding Wednesday Thompson had negotiated with a Mr. Lee Montoya for the sale to the latter of a certain used Nash automobile. Montoya, who lived in San Pedro, agreed to return on Friday to consummate the sale but he failed to do so. On Friday afternoon Thompson drove to Montoya's residence in the Nash car and there had a conversation with Mrs. Montoya in which, according to her testimony, a further appointment was made by Thompson to meet Montoya from ''eleven to eleven thirty, or twelve, around there'', on the following Sunday at the American Avenue lot in Long Beach.

On the Sunday in question Thompson left his home at approximately 11 o'clock in the morning in his own car, with the intention of keeping the appointment made with Montoya, and, while en route, drove his car into the rear of a parked automobile, from which collision the alleged damages resulted.

■ Appellant contends that the ''finding of the trial court that the defendant Thompson was acting within the course and scope of his employment by the defendant and appellant Martin at the time of the accident and injury is without support in the evidence'', and that finding No. IV on damages for medical expense is likewise without support in the evidence and is contrary to law.

With regard to the accident, the court found in substance that it was caused by defendant Thompson's negligence and that at the time thereof defendant Thompson was the agent of defendant Martin and was operating the automobile within the purpose and scope of his employment, with the knowledge and consent of defendant Martin.

That there was evidence to support the court's findings, there can be no question, as the above brief account of the evidence reveals. It should be noted that Thompson was scheduled to work at the Ocean Avenue lot, but, at the time the accident occurred, was on his way to the American Avenue lot to keep an appointment with a customer, namely Montoya. ■ Appellant's contention that the ''going to work'' rule governs is therefore unavailing, for it is evident that although in one sense Thompson was going to work, nevertheless he was at the same time on a mission for and in the interest of, and performing a service for, his employer. Even when the servant is combining his own business with that of his master the latter is held to be liable and in that

connection it has been held that " . . . no nice inquiry will be made as to which business the servant was actually engaged in when a third person was injured". (*Ryan* v. *Farrell*, 208 Cal. 200, 204 [280 Pac. 945].) See, also, *Chamberlain* v. *Southern California Edison Co.*, 167 Cal. 500 [140 Pac. 25].

■ Appellant's exception to finding No. IV is well-founded. (*McManus* v. *Arnold Taxi Corp.*, 82 Cal. App. 215 [255 Pac. 755].) It is therefore necessary to reduce the judgment in the amount of $1915.15, the sum found by the court to have been incurred for medical and hospital bills. There is no evidence to support the finding that such expenses were incurred by the minor, or that such minor was responsible for the payment thereof.

It is ordered, therefore, that the judgment be reduced in the sum of $1915.15 and, thus modified, it is affirmed.

York, P. J., and White, J., concurred.