## LEE v. REMINGTON RAND, Inc.

### No. 5545.

District Court, S. D. California, C. D.

Sept. 16, 1946.

James M. Carter, U. S. Atty., of Los Angeles, Cal., for petitioner.

Dockweiler & Dockweiler, of Los Angeles, Cal., for respondent.

HARRISON, District Judge.

The petitioner, Jack Owens Lee, has filed a veteran's petition under the provisions of Section 8(c) of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 308(e), through the United States Attorney, wherein he seeks to be restored to his former position with the respondent, Remington Rand, Inc.

The controversy revolves around the question whether the petitioner held a position with respondent or was an independent contractor.

■ The facts disclose that the petitioner, prior to January 13th, 1941, was employed by respondent as a typewriter salesman, assigned to Orange County, California. On the above date the parties entered into a written agreement wherein an attempt was made to change the relationship of petitioner to that of an independent dealer in the sale of certain products of the respondent. The respondent agreed that the petitioner was to cover the territory known as Orange County and was to receive certain commissions on the sale of new Standard and Noiseless Remington typewriters. Other products, including portable typewriters, the petitioner agreed to purchase outright. The agreement, which provided in detail the duties of the petitioner, gave the respondent complete control of the activities of the petitioner. For instance, the petitioner was required to service all typewriters in his territory under the guarantee of the respondent and any inventions made by the petitioner should become the property of the respondent. Petitioner further agreed to assist in the collection of accounts. The respondent further stipulated that the agree-ment was subject to termination at its will and that the petitioner was an independent contractor.

After the execution of the agreement petitioner rented storeroom space which he used as his headquarters and carried a small stock of office supplies, a portion of which he purchased from respondent.

Under this agreement petitioner acted as the agent of the respondent under the direct supervision of respondent's Los Angeles Branch manager. In every respect he was handled as any other salesman. He received ratings in comparison with other salesmen of the respondent. He received constant "pep" letters or circulars from the respondent urging him on to greater efforts. He was given names of prospective purchasers and requested to report the results from contacting such prospects. He received a commission on all sales in his territory regardless of whether he actually made the sale, notwithstanding the language in the contract to the contrary. In short, it would not be possible for an employer to exercise greater control and dominion over an employee than was exercised by respondent over petitioner. Petitioner was, in every sense of the word, the servant of the respondent in the sale of Standard and Noiseless Remington typewriters in Orange County. If he was an individual contractor, he was only such as to the products he purchased from respondent for resale. The conduct of the parties controls rather than their written agreement. Cook v. Ball, 7 Cir., 144 F.2d 423; Heryford v. Davis, 102 U.S. 235–244, 26 L.Ed. 160.

The petitioner, while engaged as above set forth, on September 13, 1942, was inducted in the United States Army and on January 13, 1946, was released from the army and received an honorable discharge. On March 26, 1946, the petitioner applied for reinstatement to his former position. This request was denied by the respondent.

■ To my mind, there was no just reason why petitioner should not have been reinstated. The evidence discloses that his services were satisfactory and had received commendation from his superiors

for his efforts in behalf of the respondent. Upon petitioner's entry into the United States Army, his position was not filled and was not thereafter filled until after the petitioner's application for reinstatement had been received by respondent. The evidence clearly indicates that the respondent's circumstances had not changed. As a display of the patriotism of its organization, respondent had the name of petitioner displayed, along with other employees, on an honor roll in its Los Angeles branch office. This honor roll designated the petitioner as an "employee". This discloses his status as considered by respondent while waving the flag.

Unfortunately, respondent failed to exemplify the same degree of patriotism as its employees, and now refuses to restore petitioner to his former position or status with the respondent and is seeking to avoid doing so on strictly technical grounds. Patriotism of the employees was deemed commendable and subject to laudation by the respondent but hollow in its meaning insofar as the respondent was concerned.

The policy of the act and the liberality with which this statute has been interpreted in favor of the veteran has generally been recognized in the reported cases under this act. Judge Yankwich in MacMillan v. Montecito Country Club, D. C., 65 F.Supp. 240, has ably analyzed and assembled the reported cases covering the interpretation of the act in question and to review said cases would be mere repetition.

I find that petitioner had a position with the employer respondent in the sale of its products that were handled by petitioner on a commission basis, irrespective of the attempted evasion to the contrary in the written agreement. I find that petitioner was an independent contractor only as to the products of the respondent which the petitioner purchased for resale. I believe it would be contrary to public policy to bind a veteran to a written agreement, when the practical interpretation and conduct of the parties clearly indicates that the contract does not reflect their true relationship. He was simply a salesman working on a commission basis, instead of working on a fixed salary augmented by commissions and was in fact an employee of the respondent. Ryan v. Farrell, 208 Cal. 200, 280 P. 945; Weinberg v. Clark, 120 Cal.App. 362, 8 P.2d 164; Borah v. Zoellner Motor Car Co., Mo.App., 257 S. W. 145; Modern Motors v. Elkins, Okl. Sup., 113 P.2d 969.

During the period that the petitioner was prevented from resuming his former position he would have earned the average of Five Hundred Dollars ($500.00) per month as commissions or a total of Twenty-five Hundred Dollars to August 26, 1946, and a like sum of Five Hundred Dollars per month until he has been reinstated. He is entitled to recover judgment for this amount and to be restored to his former position as provided by said act.

The American people assumed a moral obligation to restore those whom they sent forth to protect this country from foreign enemies, to the status they occupied immediately prior to such service. Congress resolved this moral obligation into a legal one under the Selective Training and Service Act, knowing full well that there are always those in our midst who fail to do that which good morals dictate. Thus it becomes necessary to force the respondent to do that which most employers have done voluntarily and willingly.

The petitioner is entitled to his former position as salesman for the respondent in Orange County and is entitled to receive commissions on all sales of Standard and Noiseless Remington typewriters sold in said territory.

Counsel for petitioner is directed to submit forthwith to me proposed findings and decree in conformity with this opinion.