## WILLIAMS v. DODDS.

### No. 11525.

Circuit Court of Appeals, Ninth Circuit.

Sept. 22, 1947.

George D. Locke and Kenneth Rosengren, both of Phoenix, Ariz., for appellant.

Frank E. Flynn, U. S. Atty., and Charles B. McAlister, Asst. U. S. Atty., both of Phoenix, Ariz., for appellee.

Before MATHEWS, HEALY, and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a judgment for $1,800 obtained by appellee, Jack George Dodds, against appellant, Ray R. Williams, in a proceeding by appellee against appellant under § 8 of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 308, which provides:

"(a) Any person inducted into the land or naval forces under this Act for training and service, who, in the judgment of those in authority over him, satisfactorily completes his period of training and service * * * shall be entitled to a certificate to that effect upon the completion of such period of training and service, * * *

"(b) In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within ninety days after he is relieved from such training and service * * * *

"(B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have

so changed as to make it impossible or unreasonable to do so; * * *

"(e) In case any private employer fails or refuses to comply with the provisions of subsection (b) * * * the district court of the United States for the district in which such private employer maintains a place of business shall have power, upon the filing of a motion, petition, or other appropriate pleading by the person entitled to the benefits of such provisions, to specifically require such employer to comply with such provisions, and, as an incident thereto, to compensate such person for any loss of wages or benefits suffered by reason of such employer's unlawful action. * * *"

These facts are undisputed: On August 26, 1942, appellee was inducted into the naval forces under the Act for training and service. On February 9, 1945, he was relieved from such training and service and received the certificate provided for in subsection (a). On April 18, 1945, he made application to appellant for re-employment, which appellant refused. On August 31, 1945, he commenced this proceeding by filing a petition under subsection (e).

The court found that appellee had held a position in appellant's employ, namely the position of manager of a taxicab business called Glendale Taxi Service; that he had left said position in order to perform training and service as aforesaid; that on February 9, 1945, and at all times thereafter, he was well able to perform the duties of said position; and that, by reason of appellant's refusal to restore him to said position, he had suffered damages in the sum of $1,800. Hence the judgment here appealed from.

Three points were stated in appellant's statement of points.[1] Point 1 is that the court erred "In finding as a matter of fact that petitioner [appellee] held a position in the employment of respondent [appellant], * * * upon the ground and for the reason that there is no evidence in the record showing, or tending to show, that petitioner held a position in the employment of respondent."

There is evidence in the record to the following effect: Appellant was, at all pertinent times, the owner of the taxicab business mentioned above. On or about July 1, 1942, he and appellee made an agreement under which appellee was to and did manage the business for appellant and, as compensation therefor, was to and did receive 50% of the gross proceeds of the business, less the cost of gasoline and drivers' wages. Appellant exercised general supervision and control over the business and had the right to terminate the agreement and discharge appellee at any time. Appellee managed the business for appellant from about July 1, 1942, to August 22, 1942, when he left to enter the naval forces.

We conclude that the finding that appellee held a position in appellant's employ was warranted by the evidence and was not erroneous.[2]

Point 2 is that the court erred "in awarding petitioner judgment for damages in any amount, upon the ground that there is no competent evidence in the record upon which it could base suit or judgment." Point 3 is that the court erred "In entering a judgment which is not supported by the evidence, and which is contrary to law." There is no merit in these points. The judgment is based on and supported by competent evidence and is not contrary to law.

Other points were argued by appellant, but were not stated in his statement of points and hence need not be considered by us.[3] However, we have considered them and find no merit in them.

Judgment affirmed.

[1] In the court below, appellant filed a statement of points under Rule 75(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. In this court, he adopted that statement as his statement of points under our Rule 19(6).

[2] Cf. Kay v. General Cable Corp., 3 Cir., 144 F.2d 653; MacMillan v. Montecito Country Club, D.C.S.D.Cal., 65 F. Supp. 240; Meyers v. Barenburg, D.C. Md., 68 F.Supp. 697; Lee v. Remington Rand, D.C.S.D.Cal., 68 F.Supp. 837; Karas v. Klein, D.C.Minn., 70 F.Supp. 469.

[3] See our Rule 19(6); Bank of America National Trust & Savings Ass'n v. Commissioner, 9 Cir., 126 F.2d 48; Western National Ins. Co. v. LeClare, 9 Cir., 163 F.2d 337.