**UNITED STATES v. WIBYE (two cases).**

**No. 12537.**

United States Court of Appeals
Ninth Circuit.

Aug. 1, 1951.

Rehearing Denied Sept. 7, 1951.

---

182

Frank J. Hennessy, U. S. Atty., and Rudolph J. Scholz, Asst. U. S. Atty., San Francisco, Cal., for appellant.

Paul B. Richard, John D. Den-Dulk, Frank C. Stark and Stanley E. Sparrowe, Oakland, Cal. (Nichols, Richard, Allard & Williams, Eugene K. Sturgis and John D. Den-Dulk and Stark & Champlin, Oakland, Cal., of counsel), for appellees.

Before DENMAN, Chief Judge, BIGGS,* Chief Judge, and STEPHENS, Circuit Judge.

DENMAN, Chief Judge.

These cases were consolidated for argument on appeal, the facts being the same in each. The United States appeals from judgments awarding appellees Niels K. Wibye and Harold K. Wibye damages in the .amount of $60,000 and $45,000 respectively ·for personal injuries incurred by them when the automobile in which they were riding was struck by an army automobile owned by the government and driven ·by one Hadley, a war department employee. The two appellees' separate suits are under the Federal Tort Claims. Act, 28 U.S.C. (1946 ed.) § 931 (now 28. U.S.C. § 1346(b), et seq.

The United States here contends (a) that Hadley's negligence was not shown, and (b) that this government employee was not. acting within the scope of his employment. *Negligence:*

The government argues that appellees have not sustained their burden of proof of Hadley's negligence. We do not

---

* Sitting in the Ninth Circuit by special designation.

agree. The uncontradicted evidence is that Hadley drove the army automobile westerly on the California three lane highway on State Route 513. The collision with the appellees' car, driven easterly on that highway, occurred between the California towns of Dublin and Castro Valley. Hadley's car turned from the right lane across and over the center lane into the appellees' car, which at all times was in its right hand of the three lanes. Hadley was killed and appellees severely injured.

■ The government contends that the presumption stated in United States v. Fotopulos, 9 Cir., 180 F.2d 631, applies. We there stated, 180 F.2d at page 637, in *sustaining* the district court's finding of negligence, that: "The presumption that a person looks out for his own safety comes to the aid of the plaintiff. * * * This presumption thus rises to the dignity of evidence when * * * because of death, the plaintiff cannot testify. * * * And it is sufficient to support the * * * finding of a court *unless overcome by irrefutable evidence.*"

■ Here the presumption is sought, not to sustain, but to overcome the finding. We think the finding is sustained by .the presumption of negligence arising from the movement of Hadley's car into his left hand lane causing the collision, under the applicable California statute requiring that a car should be driven in the driver's right hand lane. Jolley v. Clemens, 28 Cal.App.2d 55, 68, 82 P.2d 51.

*Scope of Employment*

■ Hadley, employed by the Quartermasters Corps., was required to visit various army depots in California and thereafter return to Fort Lewis, Washington. He had finished his work at Lathrop, California, on November 8. He chose to drive to Fort Lewis on a route through San Francisco about 60 miles longer than an inland route of 900 miles. Assuming the two routes were travelled through the same elevations, at an average of 40 miles an hour, the inland route would take twenty-two and a half hours while the route via San Francisco would take an hour and a half longer.

However, the routes were not at the same elevation. The maps in evidence show that the inland route rose to 3456 feet at Weed, California, and continued over the Siskiyou mountains 98 miles to Klamath Agency, Oregon, having an elevation of 4107 and a mountainous area in which, in November, delaying snowy weather might be encountered. On the route via San Francisco there are no such elevations. We cannot say that the San Francisco route was a less advantageous route to reach Fort Lewis than through the Siskiyous.

■ The evidence is that on the San Francisco route Hadley would be able to dine with his mother and had agreed to do so. The government contends this shows that he was, in effect, on a "frolic of his own" and not driving the car for a government purpose. We do not agree. We think the district court properly followed the California rule stated in Ryan v. Farrell, 208 Cal. 200, 280 P. 945, 946: "where the servant is combining his own business with that of his master, or attending to both at substantially the same time, no nice inquiry will be made as to which business the servant was actually engaged in when a third person was injured; but the master will be held responsible, unless it clearly appears that the servant could not have been directly or indirectly serving his master."

The above rule is quoted and applied by us in Murphey v. United States, 9 Cir., 179 F.2d 743, 746, and United States v. Johnson, 9 Cir., 181 F.2d 577, 580. The district court's finding is sustained and its judgments are affirmed.