MARQUARDT et ux. v. UNITED STATES (STROHECKER, Third-Party Defendant).

SCALLON v. UNITED STATES (STROHECKER, Third-Party Defendant).

Nos. 13407, 13408.

United States District Court S. D. California, Central Division.

Aug. 12, 1953.

Frank D. Fitzgerald and Louis P. Friedman, Los Angeles, Cal., for plaintiffs.

Walter S. Binns, U. S. Atty., Los Angeles, Cal., for defendant and third-party plaintiff.

Parker, Stanbury, Reese & McGee, Los Angeles, Cal., for third-party defendant.

HARRISON, District Judge.

In the trial of this Federal Tort Claims action by stipulation of the parties, the court first tried the issue as to whether the accident occurred in the course of employment of a federal employee named Strohecker. This issue was submitted to the court on a stipulation of facts and a limited amount of oral testimony. The stipulation of facts discloses that Strohecker in his employ-

ment with the Corps of Engineers, required him to travel from time to time to the various army installations included in the Los Angeles District. This District includes the southern part of the State of California, the State of Arizona, and part of the State of Nevada.. Said official travel by Strohecker, occurring on an average of six times per year, had been for temporary duty extending for periods ranging from one day to one month, Strohecker returning to the Los Angeles office upon completion of each temporary assignment.

Early in January of 1951, Strohecker obtained permission to take several days of annual leave, for the purpose of attending the graduation of his son from college at Glendale, Arizona, a suburb of Phoenix, situated on U. S. Highway 60–70. Shortly thereafter it became necessary to send Strohecker to Fort Huachuca, Arizona, for thirty days to perform work on a "rush" military project. To avoid cancelling Strohecker's leave plans and at the same time get him on the job at Fort Huachuca one day earlier, Strohecker was authorized to travel by his own automobile from Los Angeles to Fort Huachuca and return to Los Angeles by train. The motor vehicle routes to Glendale, Arizona, and to Fort Huachuca coincide, so that in traveling on his own business to Glendale Strohecker would at the same time further the Government's interest by making part of the trip to his temporary post at Fort Huachuca.

Strohecker was authorized a per diem and traveling expenses, equal to the cost of travel by train. Such allowance is authorized only if the employee is engaged on official business. Title 5 U.S.C.A. § 837. Standardized Government Travel Regulations, as amended, effective October 1, 1950, § 2, § 12a(1).

Strohecker was to report for duty at Fort Huachuca on the morning of the 1st of February, 1951. He left Los Angeles for Arizona on the evening of January 29, 1951, driving his own automobile. January 30 and 31 were to have been charged against his annual leave time. The train which arrived at Fort Huachuca on February 1, 1951 departed Los Angeles the night of January 31, 1951.

The collision occurred in Arizona on January 30, 1951, at a point on Highway 60–70 approximately 150 miles short of Glendale, Arizona.

These facts present a case of first impression as to whether a government employee is in the scope of his office or employment under the Federal Tort Claims Act, 28 U.S.C.A., §§ 1346, 2671 et seq., when he is traveling in his own automobile to an official work assignment and at the same time is traveling toward a personal destination en route.

There appears to be a conflict among the circuits as to whether the scope of office or employment of a government employee is to be determined in accordance with State or Federal law. See United States v. Lushbough, 8 Cir., 1952, 200 F.2d 717, 720. This circuit has applied State law in determining this question; Murphey v. United States, 9 Cir., 1950, 179 F.2d 743; United States v. Johnson, 9 Cir., 1950, 181 F.2d 577; and United States v. Wibye, 9 Cir., 1951, 191 F.2d 181. The Sixth Circuit seems to be in accord in Christian v. United States, 6 Cir., 1950, 184 F.2d 523. The Fourth Circuit, in two carefully reasoned opinions by Judge Parker, has held that local law is not applicable for the purpose of determining the relationship of the government to its employees. United States v. Eleazer, 4 Cir., 1949, 177 F.2d 914; and United States v. Sharpe, 4 Cir., 1951, 189 F.2d 239. See Williams v. United States, D.C.N.D.Cal. 1952, 105 F.Supp. 208, in which a district court in the Ninth Circuit followed the rule of the Fourth Circuit in refusing to apply a state permissive use statute, in spite of the implicitly contra decisions of the Ninth Circuit. Other indications that local law is not applicable may be found in Hubsch v. United States, 5 Cir., 1949, 174 F.2d 7; and Problems Under the Federal Tort Claims Act, Yankwich, 9 F.R.D. 143, 155–159. How-

**162**

ever, whatever its own personal inclinations, this court has no choice but to follow the clear mandate of this circuit court, and therefore I must look to the law of Arizona, the place "where the act or omission occurred."

■ However, the Arizona cases cast little light on this problem. The nearest Arizona case in point is Cox v. Enloe, 1937, 50 Ariz. 201, 70 P.2d 331. It was there held to be a jury question whether an employee was still in the scope of his employment while driving to his home to get dinner and a coat before driving a company truck on company business from Tucson to Phoenix. In the absence of any controlling decision in the courts of a state on a point as to which the federal court is bound to apply the law of the state, it is the duty of the federal court to ascertain the law of the state on the point as a matter of principle and with the aid of such persuasive authorities as are available. Smith v. Pennsylvania Central Airlines Corp., D.C.1948, 76 F.Supp. 940, 6 A.L.R.2d 521.

■ The Supreme Court of California, in Ryan v. Farrell, 1929, 208 Cal. 200, 280 P. 945, 946, expresses the rule which, in view of Cox v. Enloe, supra, I believe the courts of Arizona would follow in such a case as that before this court:

"* * * where the servant is combining his own business with that of his master, or attending to both at substantially the same time, no nice inquiry will be made as to which business the servant was actually engaged in when a third person was injured; but the master will be held responsible, unless it clearly appears that the servant could not have been directly or indirectly serving his master."

This rule has recently been applied in Moeller v. De Rose, Cal.App., 222 P.2d 107.

■ The fact that the automobile used by the servant and which caused the injury belonged to him will not preclude the person injured in recovering from the employer, if the servant's use of the vehicle was either expressly or impliedly authorized by the employer. Ryan v. Farrell, supra; Curcic v. Nelson Display Co., 1937, 19 Cal.App.2d 46, 64 P.2d 1153. That this is the general rule in the United States see the annotation in 140 A.L.R. 1150. Contra: Conversions & Surveys v. Roach, 1 Cir., 1953, 204 F.2d 499; Gozdonovic v. Pleasant Hills Realty Co., 1947, 357 Pa. 23, 53 A.2d 73. Strohecker was authorized to use his own automobile on the trip and was paid a per diem for traveling expenses. The trip to Glendale was a part of the overall trip to Fort Huachuca, which was for the benefit of the government. The fact that the injury occurred during the initial part of the travel, which part incidentally suited the personal convenience of the employee, does not preclude plaintiff from recovery against the government for harm its employee may have caused by his alleged negligence while in the course of this travel. I find that the employee Strohecker was in the course of his employment within the meaning of the Federal Tort Claims Act at the time of the collision.

In view of my conclusions herein expressed, the above entitled actions are ordered placed on the trial calendar for October 5, 1953, at which time a further date for trial on the issue of negligence will be fixed.