**900**

Harold A. **SOLOW**

v.

**UNITED STATES of America,**
Civ. A. No. 40941.

United States District Court
E. D. Pennsylvania.

April 5, 1968.

Drew J. T. O'Keefe, U. S. Atty., James C. Lightfoot, Asst. U. S. Atty., Philadelphia, Pa., for the United States.

Albert S. Fein, Fein, Criden & Johanson, Philadelphia, Pa., for Harold Solow.

## OPINION

MASTERSON, District Judge.

This is a motion for summary judgment by the United States in an action brought under the Federal Tort Claims Act, Title 28 U.S.C.A. § 1346(b) and § 2671 et seq.

Plaintiff alleges that 2nd Lt. Lawrence E. Smith, a member of the United States Air Force, while operating his personal automobile in accordance with military orders and within the scope of his employment, negligently caused the plaintiff serious injuries. The government argued that Lt. Smith was not acting within the scope of his employment since he was on "leave" status at the time of the accident and hence no claim against the United States can be asserted under the act.

Lt. Smith was stationed at the Little Rock Air Force Base, Jacksonville, Arkansas. On September 23, 1965 he was issued orders to report for Temporary Duty to Vandenberg Air Force Base in California. His orders stated that he had a "four day delay enroute" and was authorized to leave Little Rock Air Force Base on October 1, 1965, and was to report at Vandenberg Air Force Base no later than 11:00 P.M. on October 5, 1965. Lt. Smith left Little Rock on October 1, and went directly to attend a friend's wedding in Tulsa, Oklahoma on the 2nd. It was on the 2nd that he met the plaintiff, Harold Solow, and they agreed to drive to California together. When at a point three miles north of Victorville, California, Lt. Smith apparently asleep at the wheel, ran off the road and struck the concrete base of an overpass.

The parties agree that, as the accident happened in California, the law of California controls in determining whether Lt. Smith was acting within the scope of his employment. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955).

The first issue we must decide is whether under California law a serviceman may be considered to be within the scope of his employment while traveling to a temporary duty station. Chapin v. United States, 258 F.2d 465 (9th Circuit, 1958) the last construction of California law relevant to the area of legal consideration, held that a soldier traveling from one permanent duty station to a new permanent duty station was not within the scope of his employment. However, at the same time the *Chapin* court distinguished their case from "those cases involving the so-called 'special errand' rule" (*Chapin*, p. 468) and to illustrate what "special errand" meant, the court cited Purcell v. United States, 130 F.Supp. 882 (N.D.Cal., 1953). *Purcell* involved an automobile accident which occurred when a serviceman was driving enroute to a special school. The court held the serviceman to be within the scope of his employment. The *Chapin* court also cited with approval Vind v. Asambles Apostolica De La Feen Christo Jesus, 148 Cal. App.2d 597, 307 P.2d 85 (1957) a case which emphasized the distinction between permanent change of duty and temporary duty cases.

■ *Chapin*, then, can not be cited for the proposition that travel to a temporary duty station is without scope of employment. In fact, the opposite can be implied from the California cases *Chapin* cites. If we couple this implication with the fact that most courts throughout the country have found travel to a temporary duty station to. be within the serviceman's scope of employment,[1] we must find, *absent other considera-*

*tions*, that Lt. Smith *could* be considered within the scope of his employment.

Counsel for the government goes on to argue that despite such a finding the government is still not legally responsible for Lt. Smith's torts because Lt. Smith was "on leave" at the time of the accident. As stated above, the Lieutenant was given *"four days delay enroute."* Depositions and affidavits from Air Force personnel, including Lt. Smith indicate that the Air Force considers "days delay enroute" as "leave" and, in fact, such days were charged against Lt. Smith's "leave time". Under our reading of the law, however, "leave" activity can not be simply equated with activity that is without Lt. Smith's scope of employment.

■ The California definition of scope of employment as stated by the court in *Chapin* "depends on a consideration of what the servant was doing and of why, when, where, and how he was doing it. The factors to be considered include intent of the employee, the nature, time, and place of his conduct, his actual and implied authority, the work he was hired to do, incidental acts the employer should reasonably have expected would be done, and the amount of freedom allowed the employee in performing his duties." *Chapin*, p. 467. In the opinion of this court a jury could find facts sufficient to place Lt. Smith within the California definition of scope of employment despite the facts that he was "on leave". For one thing, the jury could find that the "four day delay enroute" given Lt. Smith for a trip that would normally take four or five days completely restricted the amount of freedom allowed him in traveling and that Lt. Smith was probably unable to do much more than drive the entire trip. Secondly, they could find that "four days delay enroute" were given to Lt. Smith automatically without his request and that but for the accident the Air Force would

1. See, Kimball v. United States, 262 F. Supp. 509 (D.C.N.J., 1967) ; Satterwhite v. Bocelato, 130 F.Supp. 825 (E.D.N.C., 1955) ; Hopper v. United States, 122 F. Supp. 181 (E.D.Tenn., 1953) aff'd per curiam 214 F.2d 129.

have paid Lt. Smith a per diem allowance (not merely traveling expenses) for the time spent in travel. They could assume from these findings that the Lieutenant was operating under a large degree of implied authority. Finally, they could find that Lt. Smith's entire trip was by necessity a very direct route to his temporary duty station and thus there was no question of his being "on a frolic of his own."

All of the above factors have been held to have substantial bearing on the issue of "scope of employment" within California law. Marquardt v. United States, 115 F.Supp. 160 (S.D.Cal., 1953).[2] There the court, construing the applicable California law, found that a government employee who was traveling in his own automobile to an official work assignment and who was receiving per diem expenses was in the "course of his employment" within the meaning of the Federal Tort Claims Act when a collision occurred enroute, even though the employee was at the same time traveling toward a personal destination enroute and the day on which the accident occurred was charged against his annual leave time.

The *Marquardt* court quoted from Ryan v. Farrell, 208 Cal. 200, 280 P. 945 which was recently cited in Fuller v. Chambers, 169 Cal.App.2d 602, 337 P.2d 848 (1959) as the controlling California law in this area. The Ryan court stated:

"* * * where the servant is combining his own business with that of his master, or attending to both at substantially the same time, no nice inquiry will be made as to which business the servant was actually engaged in * * *; but the master will be

held responsible, unless it clearly appears that the servant could not have been directly or indirectly serving his master." *Ryan*, 280 P., p. 946.

Since the jury could find Lt. Smith was acting within the scope of his employment at the time of the accident, defendant's motion for a summary judgment is denied.

2. The *Marquardt* case was noted by the *Chapin* court as not being relevant to their determination and was categorized as "a 'transferred government employee' case (where) the only issue * * * decided was whether combining personal business with the 'business' of his employer was sufficient to remove the employee's conduct from the scope of his employment". *Chapin*, 258 F.2d p. 468. While not relevant to the *Chapin* inquiry as to

whether a trip between permanent duty stations could be considered within the scope of employment, it is, however, relevant to our inquiry where we have already decided that a trip to a temporary duty station can be within the scope of employment and the sole issue is whether a *particular* trip can be so considered. For our purposes, therefore, *Marquardt* remains good law.